Margaret S. MacLEOD and Norman M. MacLeod, Appellants

v.

D. C. TRANSIT SYSTEM, INC., Appellee.

No. 15694.

United States Court of Appeals
District of Columbia Circuit.

Argued Sept. 23, 1960.

Decided Oct. 6, 1960.

Mr. Alan Johnstone, Washington, D. C., for appellants.

Mr. Frank F. Roberson, Washington, D. C., for appellee. Mr. David N. Webster, Washington, D. C., also entered an appearance for appellee.

Before WILBUR K. MILLER, DANAHER and BURGER, Circuit Judges.

BURGER, Circuit Judge.

Appellants brought suit in the District Court for personal injuries sustained in 1955 from a sudden stop by appellee's bus in which Mrs. MacLeod was a passenger. When the case first came on for trial, a disagreement developed between appellants and their counsel, the latter recommending a settlement which appellants refused to accept. A continuance was granted to allow appellants to secure new counsel, conditions being attached to the continuance.

■ Appellants then secured new counsel whose settlement of the case during the course of the trial on the merits is now under attack. During the trial new settlement discussions developed and finally, at a bench conference, an offer of $7500 was made by appellee conditioned upon a verdict being taken in the pending case. The District Judge advised appellants' trial counsel to inform his clients that he, the District Judge, rec-

ommended acceptance;[1] counsel so advised Mrs. MacLeod. Mrs. MacLeod also consulted with a trusted friend, who also advised acceptance; her husband and co-plaintiff, for whom she was the duly appointed committee, was under disability and unable to be present or to participate in the decision. Judgment was entered in favor of appellants and against appellees, and the $7500 was paid into the registry of the court. A month later Mrs. MacLeod signed a consent order authorizing payment of $500 to her original counsel from the $7500 on deposit in the District Court. The record shows that immediately after the settlement Mrs. MacLeod expressed satisfaction with the settlement and complimented her counsel concerning it. Sometime later she commenced to express dissatisfaction as to the $7500 judgment, and finally engaged yet a third counsel.

One year lacking two days after the settlement was agreed upon, appellants filed a motion by their third counsel asking to have the judgment for $7500 set aside under Fed.R.Civ.P. 60(b), 28 U.S.C.A. The motion was considered on affidavits filed by both parties and by the attorneys who represented appellants at trial. The District Court pointed out that the claim presented a question of disputed liability, dispute over the nature and extent of injuries and other speculative elements common to negligence cases and held that the moving parties, appellants here, had not sustained the burden of proving that the settlement made in open court had been made without authority.

Additionally the District Court found that the motion had not been brought within a reasonable time. We agree that the lapse of time between the settlement on consent judgment and the time when she moved to set aside the settlement also

affords a basis for the District Court's action. Mayfair Extension, Inc. v. Magee, 1957, 100 U.S.App.D.C. 48, 241 F.2d 453.

The motion to set aside the settlement and judgment was one addressed to the sound discretion of the District Court. The record shows it was carefully and thoughtfully considered and that this discretion was not abused. Stafford v. Russell, 9 Cir., 1955, 220 F.2d 853.

Affirmed.

---

1. Our reference to this is not to be read as indicating any irregularity. The Judge, as he had a right to do, conveyed his views about the settlement to the litigants' counsel, not to the litigants, who were free to accept or reject the Judge's views. There is no suggestion that the

District Court conferred with the litigants or in any way brought "pressure" on the parties. Nor is there any evidence whatever that appellants' experienced trial counsel did anything other than represent appellants' best interests as they then appeared.