Rebecca Simon WOLFSOHN, Executrix of the Estate of Joel David Wolfsohn, deceased, Appellant,

v.

Gregory HANKIN and Professional Investment Management Company, Appellees.

No. 17449.

United States Court of Appeals District of Columbia Circuit.

Argued May 13, 1963.

Decided May 29, 1963.

Petition for Rehearing before the Division Denied Aug. 1, 1963.

Petition for Rehearing En Banc Denied Sept. 18, 1963.

Mr. Fred I. Simon, Silver Spring, Md., for appellant.

Mr. John V. Long, Washington, D. C., for appellee Hankin.

No brief was filed and no appearance was entered for appellee Professional Investment Management Company.

Before EDGERTON, Senior Circuit Judge, and WRIGHT and McGOWAN, Circuit Judges.

PER CURIAM.

The notice of appeal being untimely filed, this court lacks jurisdiction[1] and the appeal must be dismissed.

An order granting summary judgment against appellant was entered May 7, 1962. On May 11th, on motion of appellant, the District Court signed an order purportedly extending appellant's time to move for a rehearing under Rule 59, F.R.Civ.P. On June 11th a motion to vacate and for rehearing was filed, alleging, *inter alia*, newly discovered evidence. On October 12th appellant's motion for rehearing was denied. On November 3rd appellant filed notice of appeal. Rule 73 (a), F.R.Civ.P.

 Under Rule 59(b), F.R.Civ.P., a "motion for a new trial," which term includes a motion for rehearing, must be served "not later than 10 days after the entry of the judgment." This period of time may not be enlarged by the court. Rule 6(b), F.R.Civ.P. Since the appellant's motion for rehearing was not filed until June 11th, 35 days after summary judgment, it came too late to be considered or to interrupt the running of the time for appeal.[2] Slater v. Peyser, supra, Note 1. Since appellant did not file her notice of appeal until November 3rd, it came too late to be considered as an appeal from the judgment of May 7th.[3] See Rule 73(a), F.R.Civ.P.

 Treating appellant's motion of June 11th as one for relief from a final judgment under Rule 60(b), F.R.Civ.P., appeal from the October 12th denial of which would be timely, we still affirm the disposition of the District Court. The motion under Rule 60(b) addresses itself to the sound discretion[4] of that court, and, after studying the record as made, including the alleged newly discovered evidence, we find no abuse.

So ordered.

---

1. Slater v. Peyser, 91 U.S.App.D.C. 314, 200 F.2d 360 (1952) ; Randolph v. Randolph, 91 U.S.App.D.C. 170, 198 F.2d 956 (1952).

2. Compare Harris Truck Lines, Inc. v. Cherry Meat Packers, Inc., 371 U.S. 215, 83 S.Ct. 283, 9 L.Ed.2d 261 (1962).

3. Appellant's Notice of Appeal stated that she was appealing from the order of October 12th. Compare Foman v. Davis, 371 U.S. 178, 180–182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

4. System Federation v. Wright, 364 U.S. 642, 645–648, 81 S.Ct. 368, 5 L.Ed.2d 349 (1961) ; McLeod v. D. C. Transit System, Inc., 108 U.S.App.D.C. 399, 283 F.2d 194 (1960).