**ROYAL CREDIT CO., Inc., a corporation, Appellant,**

v.

**Diego MAS MARQUES and Mary C. Mas Marques, Appellees.**

No. 3916.

District of Columbia Court of Appeals.

Argued June 13, 1966.

Decided Aug. 19, 1966.

Theodore E. Breault, Washington, D. C., with whom Orie Seltzer, Washington, D. C., was on the brief, for appellant.

Diego Mas Marques, for appellees.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge.

This is an appeal from an order of the trial court entered November 5, 1965, set-

ting aside a final judgment against appellees, husband and wife, in favor of appellant department store and releasing a writ of garnishment of the husband's wages. This action was taken pursuant to GS Rule 60(b) (6) authorizing the court to relieve a party from a final judgment for "any other reason justifying relief from the operation of the judgment" provided the motion for relief is made within a reasonable time after entry of the judgment. The court vacated the judgment on its finding that appellees had received no notice of the date of the trial or of the entry of judgment against them.

On July 11, 1964, appellant filed a complaint in the trial court seeking to recover from appellees the balance due on household furnishings purchased by them several months previously. Upon service of a copy of the complaint and summons by a deputy U. S. marshal on July 22, 1964, upon a relative of appellees living at the same address,[1] Mr. and Mrs. Mas Marques came to court and prepared an answer, which was filed July 23, 1964. They were not represented by an attorney. A copy of their informal responsive pleading was sent by mail to the attorney for appellant. In their answer appellees asserted that the merchandise delivered was not the same seen and ordered by them; that certain items were soiled, torn, scratched and chipped and should have been replaced or the cost thereof credited to their account. After one continuance the case was ultimately set for trial March 3, 1965. On that date appellees did not attend and a finding in favor of appellant was entered in their absence on *ex parte* proof. Final judgment was entered against them on March 10,

1965. On August 3, 1965, appellant caused a writ of attachment to be issued against the wages of the husband.

On October 15, 1965, appellees filed a motion seeking to set aside the "default" judgment[2] and to release the writ of attachment, alleging that they had not received notice of the trial date[3] and thus were deprived of an opportunity to defend the case on its merits. They claim that the first knowledge they had that a judgment had been entered against them was after service of the writ of attachment on the husband's employer.

Initially we must decide whether the court had jurisdiction to entertain appellees' motion. This turns on whether the motion was filed within a reasonable time as specified by Rule 60(b) (6). Appellant maintains that filing the motion almost 7½ months after entry of the judgment did not meet the standard prescribed by the rule.

▆▆▆▆ Although a motion seeking relief under Rule 60(b) (6) is required to be filed within a reasonable period after judgment, no time limit is prescribed. What is reasonable must be interpreted in the light of the factual background. Here it appears appellees never received notice of the trial date; neither were they notified of the entry of the final judgment against them as provided for in Rule 77(d) of the trial court.[4] Not until August 3, 1965, when the writ of garnishment was served on the husband's employer were they aware judgment had been entered against them. They immediately sought the assistance of an attorney through the Legal Aid Bureau who attempted to effect a settlement. When his efforts were unsuccessful, they filed the

---

1. Such a procedure is authorized by GS Rule 4.

2. Their use of the word "default" is erroneous for, as noted above, appellees did appear and answer the complaint in compliance with the summons received by them.

3. At the time suit was instituted against them, appellees were living at 1400

Twentieth Street, N.W.; on July 29, 1964, they moved to 2946 Second Street, S.E.

4. "Immediately upon the entry of an order or judgment signed or decided out of the presence of parties or their counsel, the clerk shall serve a notice of entry by mail * * * upon each party who is not in default for failure to appear * * *."

instant motion. Nowhere do the facts reflect either wilful or negligent disobedience of any process of the trial court. In our opinion the trial court was justified in considering the motion as coming within the purview of ground (6) of Rule 60(b), and under the circumstances we cannot say that the time intervening since entry of the judgment was so unreasonable as to deprive the court of jurisdiction to act [5] and thus foreclose the right of appellees to seek relief.

Having found that the motion was timely filed and that the court thus had jurisdiction to hear it, we must next decide whether the order setting aside the judgment is properly before us. As we have pointed out many times, review by this court, with certain exceptions not here material, is limited by statute to appeals from final orders and judgments.[6] Under the federal rule, by which we are guided in interpreting the rules of the trial court, an order denying an application to vacate a judgment is final and appealable; conversely, an order vacating a judgment is not final and therefore not appealable.[7] Applying these criteria to the present case, we find that the order setting aside the entry of the judgment is not a final one, subject to review by this court.

Other errors alleged have been considered and found to be without merit.

Appeal dismissed.

---

5. Brenner v. Williams, D.C.App., 190 A.2d 263, 264 (1963); Harco, Inc. v. Greenville Steel and Foundry Company, D.C.Mun. App., 112 A.2d 920 (1955).

6. D.C.Code § 11–741(a) (1) (Supp. V, 1966); McBryde v. Metropolitan Life Insurance Company, D.C.App., 221 A.2d 718 decided July 25, 1966, and cases cited therein.

7. Meadis v. Atlantic Construction & Supply Co., D.C.App., 212 A.2d 613, 615 (1965); Harco, Inc. v. Greenville Steel and Foundry Company, supra, note 5.