James **TRIBBLE**, Appellant,

v.

**AMERICAN MUTUAL INSURANCE COMPANY OF BOSTON**, a Corporation, Appellee.

No. 5513.

District of Columbia Court of Appeals.

Argued March 9, 1971.

Decided May 28, 1971.

A. Lillian C. Kennedy, Washington, D. C., was on the brief for appellant.

Robert E. Anderson, and Donald P. Maiberger, Washington, D. C., were on the brief for appellee.

Before GALLAGHER, NEBEKER and YEAGLEY, Associate Judges.

GALLAGHER, Associate Judge:

This is an appeal from the denial of a motion to vacate a default judgment. We affirm.

A vehicle driven by appellant struck the rear of a vehicle driven by Wallace R. McPherson, Jr., and occupied by a passenger, Mary L. E. Orr, injuring the driver and passenger and damaging the car. Appellant was not insured. McPherson sued appellant for the property damage done to his car, but not for personal injuries, and was awarded a judgment of one cent because his proof of damages was insufficient.

Subsequent to that suit and by reason of a policy McPherson had with appellee American Mutual Insurance Company (American Mutual) for uninsured motorist and medical payment coverage, the latter paid McPherson ($4,290.00) and Orr ($1,900.00) a total of $6,190.00 to reimburse them for medical expenses incurred and in settlement of their claims for personal injuries. American Mutual, as subrogee, then sued appellant in the instant action for that sum. The marshal's return on the summons states appellant was served personally on April 17, 1968. Appellant failed to appear and a default judgment was entered against him on May 15, 1969 and on June 24, 1969 on *ex parte* proof of damages a judgment was entered in the amount of $6,190.00. On May 7, 1970, more than ten months later, appellant moved to set aside the default judgment alleging that he had never received American Mutual's complaint and that the previous action by McPherson for property damages was res judicata as to the instant action in subrogation for personal injury payments.

In denying the motion, the court below found that since the marshal's return showed personal service the motion was not timely, and that, contrary to appellant's contention, res judicata was no bar to the action. Appellant contends the motions judge abused his discretion in refusing to vacate the default under former G.S. Civ. Rule 60(b) (6) [1] asserting that the record establishes appellant never received notice of the instant action. We cannot agree.

---

1. Former G.S.Civ.Rule 60(b) (6) reads:
   (b) *Mistake; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud; Etc.* On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

   *      *      *      *      *

   (6) any other reason justifying relief from the operation of the judgment.

■ A motion to vacate a default judgment is addressed to the sound discretion of the trial court, the exercise of which will not be disturbed on appeal except for abuse. Waxler v. Levin, D.C.Mun.App., 131 A.2d 294 (1957). As we have noted, the marshal's return states that appellant was served personally on April 17, 1968. The motions judge found this showing was not overcome and nothing in the record indicates this finding was clearly erroneous, which would be necessary in order to set it aside. Grayvan Lines v. Nesmith, D.C. Mun.App., 50 A.2d 434, 437 (1946).[2]

■ Appellant also claims he did not receive notice of the default judgment and that this demonstrates he was not properly apprised of the complaint. He points to the notice of judgment which was returned to the clerk of the court with "Not at this address Moved 1966" handwritten across the envelope. Because of the conclusion that he was personally served with the complaint we find this latter argument regarding the notice of default to be of no avail. Additionally, the summons which he did receive warns in bold type that a default may be entered if an answer is not filed within the required time (20 days).

■ Although a motion seeking relief under former G.S. Civ. Rule 60(b) (6) must be filed within a reasonable time after judgment, no time limit is prescribed. What is reasonable must be interpreted in light of all the facts in the case. Royal Credit Co., Inc. v. Mas Marques, D.C.App., 222 A.2d 70, 71 (1966). On these facts, we see no error in the trial court's conclusion that this motion was untimely since it was not filed within a reasonable time, having been filed more than ten months after entry of judgment. See Lee v. Henry J. Robb, Inc., D.C.Mun.App., 163 A.2d 827 (1960). We see no basis to conclude that the trial judge abused his discretion in denying relief from the default judgment.

■ Appellant's remaining contention is that since the insured (McPherson), as the original plaintiff, did not sue for personal injury damages, American Mutual as his insurer should have become a party to the first action for recovery of the damages *"to which it had become subrogated."* (Emphasis supplied.) Appellant argues this stems from the single cause of action rule, namely, a party is not permitted to split a cause of action into more than one suit where the actions are founded upon a single tort; and that therefore American Mutual, as a subrogee, was barred here by the doctrine of res judicata. While it is unnecessary to reach this contention in view of our holding on the default judgment, the actuality is that at the time of the first suit American Mutual had not yet paid any part of the insured's claim for personal injuries and, consequently, had not yet become subrogated. This being so, American Mutual would have had no standing to intervene as a subrogee in the first suit and it would be unreasonable to hold that it should be foreclosed from recovery in this proceeding which was instituted after it became subrogated.[3] *Cf.* Emmco Insurance Co. v. Brown, D.C. Mun.App., 178 A.2d 429 (1962).

Affirmed.

---

2. D.C.Code 1967, § 17–305(a).

3. We do not reach whether the result would be any different even if it were then a subrogee.