**UNITED ARTISTS CORP. &
L.P.A.A., Plaintiffs,**

**Marcello Danon, Plaintiff-Appellant,**

**v.**

**LA CAGE AUX FOLLES, INC., et al.,
Defendants-Appellees.**

No. 83–6234.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 5, 1984.

Decided Sept. 17, 1985.

Robert F. Marshall, Los Angeles, Cal., for plaintiff-appellant.

Barbara C. Fasiska, Clifford Schaffer, Stephen A. Lax, Los Angeles, Cal., for defendants-appellees.

Before WALLACE, BOOCHEVER and HALL, Circuit Judges.

CYNTHIA HOLCOMB HALL, Circuit Judge:

Danon appeals from the district court's dismissal of his action with prejudice pursuant to Rule 37(b)(2)(C), Fed.R.Civ.P., for failing to comply with a discovery order compelling answers to interrogatories from one of the defendants, La Cage Aux Folles, Inc. (La Cage). He also appeals from the district court's denial of his motion under Rule 60(b), Fed.R.Civ.P., for relief from that dismissal. We affirm.

## I. FACTS.

Danon produced and owns rights in the motion pictures "La Cage Aux Folles" and "La Cage Aux Folles II." Both films depict a nightclub featuring female impersonators. This action arose in 1981 when defendant Paciocco opened a nightclub in Los Angeles known as "La Cage Aux Folles."

The club's featured entertainment includes a floor show by female impersonators. Danon, along with two corporations not parties to this appeal, brought suit against Paciocco, La Cage and a subsequently dismissed individual, contending that they violated federal and state unfair competition, trademark, and copyright laws by copying the name, characters, and distinctive features of the films.

On February 3, 1983, La Cage served Danon with its first set of interrogatories. Responses were due on March 8. On that date, Danon's counsel sent a letter requesting an extension. Although the letter was received after responses were due, Danon was granted an extension until April 11.

Danon failed to respond by the extended due date, and on April 15, 1983, La Cage filed a motion to compel answers to interrogatories or, alternatively, "to dismiss the complaint." At the April 27 hearing, the motion to compel was granted and monetary sanctions were imposed against Danon. In addition, Danon's counsel was warned that Danon's action would be dismissed if answers were not in strict compliance with the court's order.

Danon paid the $2,000 fine levied by Judge Hill, and on May 4, responded to the interrogatories and produced requested documents. La Cage found deficiencies in the responses and brought a second motion, this time requesting the court "to dismiss with prejudice plaintiffs' complaint" or, alternatively, to compel further answers to interrogatories and further production of documents. At the May 31, 1983 hearing, the court dismissed Danon's action with prejudice. Danon then retained new counsel, and on June 29, 1983, filed both a request for extension of time to file a notice of appeal pursuant to Rule 4(a)(5), Fed.R.App.P., and a motion for reconsideration of and relief from the order of dismissal pursuant to Rule 60(b), Fed.R.Civ.P.

Due to a potential conflict of interest involving Danon's new counsel, the case was reassigned from Judge Hill to Judge Marshall. On June 29, the same day the request was filed, Judge Marshall granted a 60-day extension of time within which to file a notice of appeal. The extension was suggested by Judge Marshall because of conflicts in her schedule. On August 22, Judge Marshall denied the Rule 60(b) motion. The court entered the denial on August 29, 1983, and granted a 10-day extension for the filing of an appeal from the dismissal. On September 6, Danon appealed from Judge Hill's order of dismissal. On September 28, Danon appealed from Judge Marshall's denial of his Rule 60(b) motion.

## II. TIMELINESS OF APPEAL.

La Cage did not raise the issue of whether Danon's notice of appeal from the Rule 37(b) dismissal was timely but we are required to consider this issue *sua sponte*. *See Rodgers v. Watt,* 722 F.2d 456, 457–58 (9th Cir.1983) (en banc). Timely filing requirements for appeals are ordinarily mandatory and jurisdictional. *Id.* However, the Supreme Court has established a limited exception so that "[u]nder certain unique circumstances, an appellate tribunal may have jurisdiction to hear an appeal that was not filed within the prescribed time limits." *Hernandez-Rivera v. INS,* 630 F.2d 1352, 1354 (9th Cir.1980) (*Hernandez*). *See Curacao Drydock Co. v. M/V Akritas,* 710 F.2d 204, 206–07 (5th Cir. 1983); 9 J. Moore, *Moore's Federal Practice,* 557¶ 204.02[1] n. 17 & 204.02[2] (2d ed. 1985).

### A. "Unique Circumstances" Doctrine.

The "unique circumstances" doctrine was articulated by the Supreme Court in three decisions. *See Wolfsohn v. Hankin,* 376 U.S. 203, 84 S.Ct. 699, 11 L.Ed.2d 636 (1964) (per curiam); *Thompson v. INS,* 375 U.S. 384, 84 S.Ct. 397, 11 L.Ed.2d 404 (1964) (per curiam); *Harris Truck Lines v. Cherry Meat Packers, Inc.,* 371 U.S. 215, 83 S.Ct. 283, 9 L.Ed.2d 261 (1962) (per curiam). *Thompson* and *Wolfsohn* are most relevant to the present case. In *Thompson,* the appellant filed motions for factual amendments and a new trial twelve days after entry of judgment mistakenly

believing that the motions were timely filed. At a hearing two days later, the trial court declared that the motion for new trial had been made "in ample time." *Thompson,* 375 U.S. at 386, 84 S.Ct. at 398. In fact, the post-trial motions were untimely and therefore did not toll the running of the time for appeal. In reliance on the trial court's misstatement, however, the appellant believed the time for taking appeal had been tolled and he failed to file his notice of appeal within the applicable time limit from the entry of judgment. The Supreme Court nonetheless permitted the appeal to be filed after the disposition of the untimely motions and beyond the applicable appeal period because of the "unique circumstances" involving the appellant's reliance on the trial court's misstatement. *Id.* at 387, 84 S.Ct. at 399.

In *Wolfsohn,* four days after the district court granted summary judgment against appellant, appellant moved for an extension of time within which to file a motion for rehearing under Rule 59, Fed.R.Civ.P. *Wolfsohn v. Hankin,* 321 F.2d 393, 394 (D.C.Cir.1963) (per curiam). The district court overlooked Rule 6(b), Fed.R.Civ.P. (prohibiting extensions of time beyond the 10-day period of Rule 59(b)), and granted the extension. *Id.* Appellant filed the Rule 59 motion within the extension period. After the motion was denied, she filed a notice of appeal within thirty days. The appellate court dismissed the appeal after concluding that the 10-day time for filing a Rule 59 motion "may not be enlarged by the court." *Id.* Because no Rule 59 motion was filed within the 10-day period, the appellate court held that the time for filing the appeal was not tolled and that the time expired before appellant filed her notice of appeal. *Id.* The Supreme Court reversed citing *Harris* and *Thompson. Wolfsohn,* 376 U.S. at 203, 84 S.Ct. at 699.

Two circuits recently held the "unique circumstances" doctrine applicable to permit appeals that were otherwise untimely under Rule 4(a), Fed.R.App.P. *See Willis v. Newsome,* 747 F.2d 605, 606–07 (11th Cir.1984) (per curiam); *Aviation Enterprises, Inc. v. Orr,* 716 F.2d 1403, 1406 n.

25 (D.C.Cir.1983) (per curiam). The court in *Willis* succinctly summarized the appropriate circumstances for applying the "unique circumstances" doctrine:

> Courts will permit an appellant to maintain an otherwise untimely appeal in unique circumstances in which the appellant reasonably and in good faith relied upon judicial action that indicated to the appellant that his assertion of his right to appeal would be timely, so long as the judicial action occurred prior to the expiration of the official time period such that the appellant could have given timely notice had he not been lulled into inactivity.

*Willis,* 747 F.2d at 606. At least three other circuits have expressed their willingness to apply the "unique circumstances" doctrine upon a sufficient showing of reasonable reliance. *See Marane, Inc. v. McDonald's Corp.,* 755 F.2d 106, 111 n. 2 (7th Cir.1985) (doctrine inapplicable on facts); *Myers v. Stephenson,* 748 F.2d 202, 205–06 (4th Cir.1984) (dicta); *Alvestad v. Monsanto Co.,* 671 F.2d 908, 911 (5th Cir.) (doctrine inapplicable on facts), *cert. denied,* 459 U.S. 1070, 103 S.Ct. 489, 74 L.Ed.2d 632 (1982). With this background, we turn to whether authority from our circuit permits application of the "unique circumstances" doctrine in the present case.

### B. Ninth Circuit Authority.

We are initially confronted by two of our decisions which appear to reach conflicting results. *Compare Selph v. Council of the City of Los Angeles,* 593 F.2d 881 (9th Cir.1979), *with In re Estate of Butler's Tire & Battery Co.,* 592 F.2d 1028 (9th Cir.1979) (*Butler's Tire* ). Upon further examination, however, we conclude that *Selph* is distinguishable and that *Butler's Tire* is controlling.

In *Selph,* a motion for extension of time for filing a notice of appeal was filed within the 30-day extension period permitted by the then applicable version of Rule 4(a)(5), Fed.R.App.P. However, *Selph's* attorney noticed the motion for a date *after* the expiration of the 30-day extension period.

*Selph,* 593 F.2d at 882. As we noted, the motion could have been noticed for a date prior to the expiration of the 30-day extension period. *Id.* at 883. Although the district court subsequently granted the extension motion, we dismissed the appeal as untimely. We held in *Selph* that once the 30-day extension period expired as a result of the *appellant's actions,* the district court no longer possessed authority to grant an extension of time.[1] *Selph* is distinguishable from the present case where the district court's action caused the delay in filing the appeal.

The appellant in *Butler's Tire* filed for an extension during the 20-day period provided for under Rule 802(c), Fed.R. Bankr.P. (corresponding to the second 30-day period under Rule 4(a)(5)).[2] The *bankruptcy court* scheduled argument on the extension request for a date after the extension period expired. *Butler's Tire,* 592 F.2d at 1032. With regard to the notice of appeal, we relied upon *Harris, Thompson,* and *Wolfsohn* in concluding that the appellant "reasonably withheld filing of the notice of appeal until the court had ruled on the claim of excusable neglect and should not be penalized for relying upon the court's decision to calendar argument for a date beyond the applicable time limits." *Id.* (Footnote omitted). We ultimately dismissed the appeal because there was no evidence to support the excusable neglect claim, but we nonetheless recognized "the proposition that there is jurisdiction to hear an appeal when it is the fault of the lower court that notice was not earlier filed." *Id.* (Footnote omitted).[3]

We followed *Butler's Tire* in *Hernandez,* 630 F.2d at 1344–45. *Hernandez* involved an interpretation of the 10-day appeal period under 8 C.F.R. § 242.21. Section 242.21 contained *no* provision for an extension of the appeal filing period, but the immigration judge granted a 15-day extension during the initial filing period. *Hernandez,* 630 F.2d at 1354. The Board of Immigration Appeals dismissed the appeal because it concluded that the immigration judge lacked the authority to grant an extension. We reversed, concluding that the appellant's reliance upon the extension granted by the immigration judge constituted "unique circumstances" warranting acceptance of the untimely appeal. *Id.* at 1354–55.

■ The present case involves facts analogous to *Harris, Thompson, Wolfsohn, Butler's Tire,* and *Hernandez,* as well as the decisions from other circuits cited above. Danon could have filed his notice of appeal within the initial appeal period if he had not reasonably relied upon the district court's erroneous suggestion of a 60-day extension. We conclude that this case involves "unique circumstance" permitting us to hear Danon's appeal of the Rule 37(b) dismissal.

Permitting the appeal in this case is also in accord with our recent decision in *California v. Tahoe Regional Planning Agen-*

1. *Selph* is no longer the law following a 1979 amendment which changed Rule 4(a)(5) to permit a district court to rule on a timely-filed extension request after the extension period has expired. If the extension period has expired, the court is now authorized to grant a 10-day extension period from the date the request is granted. Fed.R.App.P. 4(a)(5) (effective August 1, 1979).

2. In *Butler's Tire,* we held that Rule 802 "so closely parallels" Rule 4(a) that the interpretation of "excusable neglect" under Rule 802(c) should be governed by the principles under the predecessor statute to Rule 4(a)(5). *Butler's Tire,* 592 F.2d at 1034. In light of the similarities between Rule 802(c) and Rule 4(a)(5), *Butler's Tire* cannot be meaningfully distinguished

from the present case on the grounds that *Butler's Tire* involved an interpretation of Rule 802(c). *Cf. In re The Brickyard,* 735 F.2d 1154, 1156 (9th Cir.1984) (Rule 802 should be construed in the same manner as Rules 4(a)(2) and 4(a)(4)).

3. Unlike *Selph, Butler's Tire* is consistent with and actually anticipated the 1979 amendment to Rule 4(a)(5). *See supra* note 1. We believe that the precedential value of *Butler's Tire* is unaffected by the fact that the "unique circumstances" doctrine would not have to be relied upon if the case were decided today. *Butler's Tire* continues to illustrate our willingness to apply the "unique circumstances" doctrine upon a showing of reasonable reliance. *See Hernandez,* 630 F.2d at 1355.

*cy*, 766 F.2d 1316 (9th Cir.1985). In *Tahoe Regional Planning*, one of the agencies involved filed an untimely appeal thirty-seven days after the district court orally denied its motion for modification of a preliminary injunction. The agency had delayed filing its notice of appeal because it anticipated entry of a final written order which was never entered. We applied the "unique circumstances" doctrine and permitted the otherwise untimely appeal. *Tahoe Regional Planning* further illustrates our willingness to apply the "unique circumstances" doctrine despite the effect the doctrine has on the finality of judgments.

We believe that our decision is an equitable one. *See* 4 C. Wright & A. Miller, *Federal Practice & Procedure*, Civil § 1168, at 640 (1969) ("unique circumstances" doctrine "insures that a litigant's right to seek review will be protected at the expense of only a modest incursion on the rules relating to finality of judgments"). If the district court had taken no action on Danon's motion for extension of time until it ruled on the motion for reconsideration, the district court would have possessed the authority to grant a 10-day extension under amended Rule 4(a)(5) when the denial of the motion for reconsideration was entered on August 29, 1983. Danon should not be penalized by his reasonable reliance upon the court's mistake in granting the 60-day extension on June 29. The district court's initial 60-day extension was beyond its powers and may be regarded as a nullity. Thus, August 29 may be viewed as the effective date of the entry of the order granting Danon's extension request. The 10-day extension granted by the district court on that date therefore may be viewed as falling within the authorization of amended Rule 4(a)(5).

For the reasons discussed above, we conclude that we have jurisdiction of the present appeal.

### III. MERITS.

■ A dismissal sanction for failure to comply with Rule 37, Fed.R.Civ.P., is appropriate "only where the failure to comply is due to willfulness, bad faith, or fault of the party." *Wyle v. R.J. Reynolds Ind., Inc.*, 709 F.2d 585, 589 (9th Cir.1983). We have recognized that a dismissal or default judgment may be based on "fault" alone. *See Munoz-Santana v. INS*, 742 F.2d 561, 564 (9th Cir.1984) ("The district court found no willfulness or bad faith ... so the question is whether the INS's noncompliance constitutes 'fault' ...."). We review a dismissal sanction for an abuse of discretion and will not reverse absent a definite and firm conviction that a clear error of judgment was made by the court below. *Id. See Chism v. National Heritage Life Ins. Co.*, 637 F.2d 1328, 1331 (9th Cir.1981).

In the present case, Danon's former counsel was unable to comply with the discovery requests in part because of his inability to communicate with Danon due to Danon's travel schedule. Danon has not claimed that his former counsel did not attempt to contact him and Danon has not shown that he had advised his counsel of his whereabouts so that he could be reached on reasonable notice. Danon's conduct indicated a lack of diligence in keeping abreast of the status of his case.

Danon's prior counsel probably should have requested more than five days to secure additional answers to the interrogatories at the April 27, 1983 hearing. However, the additional answers were not available even at the May 31, 1983 hearing because "of the logistics involved in obtaining documents and obtaining answers from [Danon], due to his travel schedule." E.R. 29 at 4. Thus, the failure of Danon's prior counsel to seek more than five days to secure additional answers did not cause the dismissal. Because of Danon's travels, the answers would not have been forthcoming even if counsel had requested several weeks to respond. We conclude that Danon was not blameless and that the failure to comply with the discovery requests was partly his fault.

■ We have required district courts to consider lesser sanctions before granting the severe sanction of dismissal. *See Raiford v. Pounds*, 640 F.2d 944, 945 (9th

Cir.1981) (per curiam); *Industrial Bldg. Materials, Inc. v. Interchemical Corp.,* 437 F.2d 1336, 1339 (9th Cir.1970). The district court complied with our requirement in this case by initially imposing the lesser sanction of a $2000 fine. We may have been inclined to impose an additional fine or other sanction rather than granting dismissal following Danon's continuing noncompliance with the discovery orders, but we conclude that the district court did not abuse its discretion in granting dismissal.

Our recent decision in *Fjelstad v. American Honda Motor Co.,* 762 F.2d 1334 (9th Cir.1985), does not require a different result. In *Fjelstad,* American Honda failed to answer a number of the plaintiff's interrogatories but we found that American Honda's failure to answer was *willful* with respect to only *one* interrogatory. *Id.* at 1342. It is unclear how many interrogatories had been served upon American Honda, but its co-defendant, Honda Limited, had been served with 103 interrogatories. *Id.* at 1339. The evidence established that American Honda had produced numerous documents and other discovery materials, including witness statements, numerous photographs of the accident scene, videotapes of the accident investigation, the highway patrolman's report, and an "exhaustive" list of studies on the causes of motorcycle accidents. *Id.* at 1342. We reversed the entry of partial default judgment against American Honda because the "single willful violation" of the district court's order did not justify a default sanction in light of American Honda's extensive compliance with the remainder of the discovery requests. *Id.* at 1343.

In this case, Danon was served with sixty-four interrogatories in February 1983. At the April 27, 1983 hearing, Danon was directed to answer the interrogatories without objection. Danon's subsequently filed answers contained objections to ten of the interrogatories and requests for protective orders on five others. Moreover, Danon failed to timely produce *any* documents, including documents requested in interrogatories to which Danon did not object.

Thus, Danon's conduct involved much more than the "single" violation of the district court's discovery orders that occurred in *Fjelstad.*

By upholding the dismissal, we may be penalizing Danon more than his prior counsel. However, we have previously stated in affirming a dismissal:

> In recognizing the relative hardship upon Appellant as distinguished from counsel, it must be kept in mind that district courts cannot function efficiently unless they can effectively require compliance with reasonable rules ....
>
> In assessing the consequences of our decision upon Appellant as distinguished from counsel, it must be remembered that Appellant "voluntarily chose [his attorneys] as his representative[s] in the action, and he cannot now avoid the consequences of the acts or omissions of [these] freely selected agent[s]."

*Chism,* 637 F.2d at 1332 (quoting *Link v. Wabash R.R.,* 370 U.S. 626, 633–34, 82 S.Ct. 1386, 1390–91, 8 L.Ed.2d 734 (1962)). *See Anderson v. Air West, Inc.,* 542 F.2d 522, 526 (9th Cir.1976). In light of our conclusion that Danon was partly at fault for the failure to comply with the discovery requests, we affirm the dismissal. Because we find that the district court did not abuse its discretion in dismissing Danon's case, we need not consider Danon's Rule 60(b) motion for reconsideration which raises the same arguments rejected above.

AFFIRMED.

WALLACE, Circuit Judge, concurring in part and dissenting in part:

I concur in the result reached in Judge Hall's opinion. Indeed, if we had jurisdiction, I could agree with it entirely. I respectfully dissent, however, from the holding that we have appellate jurisdiction over Danon's appeal under an equitable exception to rule 4(a)(5), Fed.R.App.P. I would find no appellate jurisdiction over the appeal from the first order for lack of timeliness, but I would affirm Judge Marshall's

order on the rule 60(b), Fed.R.Civ.P., motion for reconsideration.

## I

Rule 4(a)(1), Fed.R.App.P., provides that appeals may be taken by nongovernmental parties in civil actions only if a notice of appeal is filed with the district court clerk within 30 days after entry of the order or judgment from which the appeal is taken. The rule also provides for an extension period. Rule 4(a)(5) states in part:

The district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a).... *No such extension shall exceed 30 days past such prescribed time or 10 days from the date of entry of the order granting the motion [to extend], whichever occurs later.*

(emphasis added).

The district court entered the order dismissing Danon's action with prejudice on May 31, 1983. Both the combined motion for extension and reconsideration and the district judge's order granting the motion were filed on June 29, within the initial 30-day filing period prescribed by rule 4(a)(1). However, instead of granting the 30 days allowed by rule 4(a)(5), the judge granted a 60-day extension. On August 29, the district court denied the motion for reconsideration and granted Danon an additional 10 days within which to file his appeal *from the dismissal,* pursuant to what the district court referred to as "the stipulation." The stipulation clearly refers to the June 29 order, on which the typed 30-day period was crossed out in ink and replaced by a handwritten "60," with the notation "by stipulation of parties," and initialed by the parties and the judge. Thus, Judge Marshall effectively granted a 70-day extension within which Danon could file an appeal from the rule 37 dismissal. Danon filed this notice of appeal on September 6.

## A.

The majority concludes that the "unique circumstances" doctrine applies, and that it permits the late appeal. The majority relies on three Supreme Court *per curia* for this doctrine. In the leading case, *Harris Truck Lines, Inc. v. Cherry Meat Packers, Inc.,* 371 U.S. 215, 83 S.Ct. 283, 9 L.Ed.2d 261 (1962) (per curiam) (*Harris Truck* ), decided under the predecessor to former rule 4(a), Fed.R.Civ.P. 73(a), the appellant moved for an extension during the initial filing period. Rule 73(a) permitted a 30-day extension to the initial filing period if a motion for extension were justified by "excusable neglect based on a failure of a party to learn of the entry of the judgment." *Id.* at 217, 83 S.Ct. at 285. The district court found excusable neglect, and granted an extension of approximately two weeks from the end of the initial filing period. The court of appeals reversed the finding of neglect and concluded that, because no excusable neglect was proven, the notice of appeal had been untimely filed and the appeal should thus be dismissed. *See id.* at 216, 83 S.Ct. at 284. The Supreme Court reversed:

In view of the obvious great hardship to a party who relies upon the trial judge's finding of "excusable neglect" prior to the expiration of the 30-day period and then suffers reversal of the finding, *it [the finding] should be given great deference by the reviewing court.* Whatever the proper result as an initial matter on the facts here, the record contains a showing of *unique circumstances* sufficient that the Court of Appeals ought not to have disturbed the motion judge's ruling.

*Id.* at 217, 83 S.Ct. at 285 (emphasis added).

*Harris Truck* does not provide authority for the reliance argument in this case. It did not address the issue of whether a district court can extend the filing period beyond that allowed by the applicable filing rule. The extension in *Harris Truck* was well within the 30 days allowed by rule 73(a).

*Thompson v. INS,* 375 U.S. 384, 84 S.Ct. 397, 11 L.Ed.2d 404 (1964) (per curiam) (*Thompson*), is equally inapplicable here. Following a final order by the district court, the appellant in *Thompson* made untimely motions for factual amendments and a new trial according to the terms of rules 52 and 59, Fed.R.Civ.P., then in effect. *Id.* at 385, 84 S.Ct. at 397. Nevertheless, the district court specifically declared them to be timely. *Id.* Later, within former rule 73(a)'s time limit from the date on which the district court denied the motions but not from the date of the original order, the appellant filed a notice of appeal. Although the rule 52 and 59 motions were untimely and therefore void, the Supreme Court held that rule 73(a) was satisfied because of the "unique circumstances" of the appellant's reliance on the district court's mistake.

*Thompson* is distinguishable because the district court's mistake was of a completely different nature than the mistake here. Timely motions for factual amendments and a new trial ordinarily tolled the running of the initial rule 73(a) filing period, as they do under rule 4(a). Thus, the question before the Court in *Thompson* was not whether the district court could extend the rule 73(a) filing period beyond the mandated extension, but whether rule 73(a) had been triggered at all.

The third Supreme Court case on which the majority relies, *Wolfsohn v. Hankin,* 376 U.S. 203, 84 S.Ct. 699, 11 L.Ed.2d 636 (1964) (per curiam) (*Wolfsohn*), a one-sentence opinion, does not support the majority's position. The case presented the precise facts of *Thompson,* which is why the Court needed only one sentence to decide it. Since *Thompson* is readily distinguishable from this case, *Wolfsohn* also is distinguishable. Moreover, the four Justices who dissented in *Wolfsohn* clearly were disenchanted with the "reliance" argument they had wrought in *Harris Truck* and wished to confine that case to its peculiar facts. *See id.* at 203–04, 84 S.Ct. at 699 (Clark, J., dissenting). Since the Court has remained silent on this doctrine for over twenty years, I conclude that these short

*per curia* are a thin reed indeed upon which the majority chooses to rest its use of the "unique circumstances" doctrine. The order from which Danon appealed was not the type of order involved in the Supreme Court cases. Thus, I conclude that the rationale of the *per curia* does not apply.

### B.

It is true, however, that both our circuit and other circuits have applied the doctrine in a variety of circumstances. *See California ex rel. Van de Kamp v. Tahoe Regional Planning Agency,* 766 F.2d 1316 (9th Cir.1985) (*Tahoe*); *National Industries, Inc. v. Republic National Life Insurance Co.,* 677 F.2d 1258, 1264 (9th Cir.1982) (*National Industries*); *Hernandez-Rivera v. INS,* 630 F.2d 1352, 1353–54 (9th Cir.1980); *In re Estate of Butler's Tire & Battery Co.,* 592 F.2d 1028, 1031–32 (9th Cir.1979); *see also Marane, Inc. v. McDonald's Corp.,* 755 F.2d 106, 111 n. 2 (7th Cir.1985) (*Marane*); *Myers v. Stephenson,* 748 F.2d 202, 205–06 (4th Cir.1984) (*Myers*); *Willis v. Newsome,* 747 F.2d 605, 606 (11th Cir. 1985) (per curiam) (*Willis*); *Aviation Enterprises, Inc. v. Orr,* 716 F.2d 1403, 1406 n. 25 (D.C.Cir.1983) (per curiam) (*Orr*); *Alvestad v. Monsanto Co.,* 671 F.2d 908, 910–11 (5th Cir.), *cert. denied,* 459 U.S. 1070, 103 S.Ct. 489, 74 L.Ed.2d 632 (1982) (*Alvestad*).

Even if the unique circumstances doctrine is an appropriate extension of the Supreme Court *per curia,* I reject its application in this case. The key element of the doctrine is that the party must demonstrate *reasonable* reliance on judicial action taken prior to the expiration of the first 30-day period of rule 4(a)(5). *See, e.g., Marane,* 755 F.2d at 111 n. 2; *Willis,* 747 F.2d at 606; *Orr,* 716 F.2d at 1406 n. 25; *Alvestad,* 671 F.2d at 911.

I cannot agree with a conclusion that an attorney may reasonably rely on a 70-day extension, granted by a district court, when rule 4(a)(5) expressly states that "[n]o such extension shall exceed 30 days." To do

so would be to encourage attorneys to inveigle the district courts into rulings that would ordinarily be erroneous, and then to hide behind the shield of "unique circumstances." This is not a case in which a district court clerk erroneously informed an attorney that his notice of appeal would be effective when mailed, thus resulting in an appeal that was one day late, *see Willis*, 747 F.2d at 606; *see also Myers*, 748 F.2d at 205 (clerk stamped the wrong date on the notice of appeal). Nor is this a case in which the party delayed filing the notice of an appeal pending the entry of a written order that the district court never entered, *see Tahoe*, 766 F.2d at 1318, or a case in which the party relied on an erroneous district court ruling. *See, e.g., National Industries*, 677 F.2d at 1264.

This is a case in which the parties and the district court agreed to waive the provisions of rule 4(a)(5) to suit their convenience. Even as a matter of equity, this is not a practice that can be condoned. Both the parties and the court have an obligation to read and follow the rules of appellate procedure. While the "unique circumstances" doctrine may protect instances of inadvertent or good faith, reasonable reliance on a judicial error or omission, it should not be extended to encompass the intentional bypass of a federal rule.

## C.

Rule 4(a) was created to promote the policy of providing finality and order to the judicial process. *See Selph v. Council of Los Angeles*, 593 F.2d 881, 882 (9th Cir. 1979); *cf. Matton Steamboat Co. v. Murphy*, 319 U.S. 412, 415, 63 S.Ct. 1126, 1128, 87 L.Ed.2d 1483 (1943) (per curiam) (discussing policies of appeals limitation periods). Even if the unique circumstances doctrine is "only a modest incursion" on finality, 4 C. Wright & A. Miller, *Federal Practice and Procedure* § 1168, at 640 (1969), the majority extends this doctrine too far. The terms of rule 4(a)(5) are "mandatory" as well as jurisdictional. *Rodgers v. Watt*, 722 F.2d 456, 457–58 (9th Cir.1983) (en banc) (*Rodgers*); *cf. Browder*

*v. Director, Department of Corrections*, 434 U.S. 257, 271–72, 98 S.Ct. 556, 564–65, 54 L.Ed.2d 521 (1978) (rules 52(b) and 59, Fed.R.Civ.P., are mandatory and jurisdictional) (*Browder*). Thus, we should not increase the scope of any equitable exceptions to the rule absent clear Supreme Court guidance.

Not only does the majority's result ignore the mandatory and jurisdictional aspects of rule 4(a), it also fails to consider the ramifications of the rule it adopts. If it is true that the parties and the district court now may stipulate to a 70-day extension, then what will happen when a district court grants an extra 90 days, six months, or one year? Surely at some point the majority's analysis would conclude that reliance on such an extension is "unreasonable." However, the majority opinion leaves us with no principled means of differentiating between reasonable and unreasonable reliance. Thus, we are left with a mere linedrawing exercise, an exercise best left to the legislature or the Rules Committee. In my judgment, however, the Committee already has done so. The "unique circumstances" doctrine as applied by the majority abandons a bright-line rule that would avoid painstaking, unprincipled case-by-case analysis.

Moreover, permitting Danon's appeal from the dismissal because the district court and the parties entered into a stipulation that violated rule 4(a)(5) would break a cardinal principle of federal jurisdiction: that jurisdiction can be neither conferred nor destroyed by agreement between the parties and the court. *See, e.g., Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 377 n. 21, 98 S.Ct. 2396, 2404 n. 21, 57 L.Ed.2d 274 (1978); *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 18, 71 S.Ct. 534, 542, 95 L.Ed. 702 (1951). Although I recognize that rule 4(a)(5) does not implicate article III jurisdiction, I believe that sound application of the principles of finality requires an analogous rule. Thus, for the same reasons that neither the parties nor the courts may stipulate to federal question or diversity jurisdiction, I

would hold that neither the parties nor the courts may confer or destroy jurisdiction under rule 4(a) by stipulation, promise, or agreement. *Cf. United States v. Robinson*, 361 U.S. 220, 229–30, 80 S.Ct. 282, 288–89, 4 L.Ed.2d 259 (1960) (reaching same result under old Fed.R.Crim.P. 45(b)). A rule that requires litigants and judges to read the civil and appellate rules and abide by them, rather than choosing those that suit their convenience, is both equitable and logical. I would apply such a rule in this case, and find the "unique circumstances" doctrine inapplicable.

## II

I concur in the result reached by Judge Hall, however, because I would affirm Judge Marshall's order denying Danon's motion for reconsideration on the dismissal. In so doing, I review the decision on the motion for reconsideration for an abuse of discretion. *See, e.g., Marane*, 755 F.2d at 112; *Rodgers*, 722 F.2d at 460. A denial of relief under this standard cannot be reversed unless we have a "definite and firm conviction" that the district court committed a clear error of judgment when it considered the relevant factors. *See, e.g., Potlatch Corp. v. United States*, 679 F.2d 153, 157 (9th Cir.1982).

In her order, Judge Marshall denied Danon's motion because she did not "believe that counsel has met the requirements of the motion for reconsideration in this case." She reached this decision after acknowledging that she had considered all the relevant motions and papers.

Danon argues that this bare statement indicates that Judge Marshall did not reach the merits of his motion because she concluded that the motion failed on some preliminary ground. He contends that the failure to reach the merits is equivalent to a failure to exercise discretion and thus is an abuse of discretion. I disagree. A rule 60(b) motion must satisfy the minimum criteria of that rule, i.e., state a recognizable reason for relief, before the district court may evaluate the merits of the motion. *See, e.g., Cel-A-Pak v. California Agri-*

*cultural Labor Relations Board*, 680 F.2d 664, 668–69 (9th Cir.1982) (no significant new evidence in motion), *cert. denied*, 459 U.S. 1071, 103 S.Ct. 491, 74 L.Ed.2d 633 (1982); *National Industries*, 677 F.2d at 1270 (insufficient response to a summary judgment motion). Judge Marshall did not abrogate her discretion by first examining the moving papers to determine if Danon had made a request that was legally cognizable under rule 60(b).

In addition, Danon created some confusion by his failure to identify clearly whether he was asserting a rule 60(b)(1) or 60(b)(6) motion. In the motion, he used language suggesting a 60(b)(6) motion for "any other relief." In his memorandum in support of the motion, however, Danon urged a rule 60(b)(1) theory. Indeed, as late as the filing of his opening brief in our court, he made no choice. Thus, that the order denying the rule 60(b) motion contained some ambiguous language is not surprising based upon the ambiguity generated by Danon's failure to differentiate between 60(b)(1) and 60(b)(6) grounds. In his reply brief and at oral argument, however, Danon conceded that he was asserting a rule 60(b)(6) claim. Therefore, I will review the district court's ruling under rule 60(b)(6).

Rules 60(b)(6) and 60(b)(1) are not subsets of one another, but apply to mutually exclusive situations. *See Transit Casualty Co. v. Security Trust Co.*, 441 F.2d 788, 792 (5th Cir.), *cert. denied*, 404 U.S. 883, 92 S.Ct. 211, 30 L.Ed.2d 164 (1971). Thus, a motion for reconsideration under rule 60(b)(6) requires a showing of extraordinary circumstances not related to inadvertence or neglect already covered in rule 60(b)(1). *See Corex Corp. v. United States*, 638 F.2d 119, 121 (9th Cir.1981). Unlike the rest of rule 60(b), subdivision (6) is construed harshly against the movant. *See id.* Danon, therefore, cannot prevail merely by alleging facts that tend to show the error of the original dismissal. *See Browder*, 434 U.S. at 263 n.7, 98 S.Ct. at 560 n. 7; *SEC v. Seaboard Corp.*, 666 F.2d 414, 416 (9th Cir.1982).

My review of the rule 60(b) moving papers reveals that the essence of Danon's claim, as stated in the memorandum and declarations, was that Danon personally had nothing to do with his attorney's misfeasance and should not be penalized for it. Even if true, this is legally insufficient for a rule 60(b)(6) motion. A number of courts have held that in order for a party to prevail under rule 60(b)(6), counsel must have committed at least gross negligence, while his client must not have been neglectful. *See, e.g., King v. Mordowanec,* 46 F.R.D. 474, 479–80 (D.R.I.1969). Other courts have concluded that gross negligence is an inadequate basis for a rule 60(b)(6) motion. *See, e.g., Schwarz v. United States,* 384 F.2d 833, 835–36 (2d Cir. 1967); *see also Inryco, Inc. v. Metropolitan Engineering Co.,* 708 F.2d 1225, 1233–34 (7th Cir.), *cert. denied,* 464 U.S. 937, 104 S.Ct. 347, 78 L.Ed.2d 313 (1983); 11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2864, at 221–23 (1973). We need not decide that issue because even if gross negligence were adequate, Danon has conceded in his moving papers that his counsel's actions did not rise to the level of gross negligence. Thus, I conclude that Judge Marshall did not abuse her discretion by denying Danon's rule 60(b) motion because justification for the denial was evident from the moving papers. *See, e.g., Standard Newspapers, Inc. v. King,* 375 F.2d 115, 116 (2d Cir.1967) (per curiam).

BOOCHEVER, Circuit Judge, dissenting in part.

While I believe that Danon and his counsel's conduct warranted sanctions, I respectfully dissent from the affirmance of the extreme sanction of dismissal.

In *Fjelstad v. American Honda Motor Co.,* 762 F.2d 1334 (9th Cir.1985), this court reversed a Fed.R.Civ.P. 37(b)(2)(C) default judgment which had been entered by the district court under circumstances similar to, or more egregious than, those present in our case. On August 8, 1983, the district court amended a prior order of July 29 to require that defendant American Honda (AH) answer all of plaintiffs' interrogatories "fully and completely" by August 29. *Id.* at 1336. After AH failed to do so, the court levied a $50,000 sanction against it and its co-defendant on March 1, 1984 and again ordered compliance. *Id.* at 1337.[1] By March 19, 1984, AH had still not supplemented one incomplete response to interrogatories that it had filed on August 8, 1983. *See id.* at 1337, 1342. Plaintiffs moved for a default judgment upon the ground that AH had failed to comply with the court's March 1, 1984 order and had failed to answer outstanding interrogatories. The motion was granted.

This court concluded that AH "deliberately failed to supplement its answer to the interrogatory concerning potential witnesses," *id.* at 1342, but held that "allowing [AH] to suffer partial default judgment because of its single willful violation of the July 29 order would be unjust," *id.* at 1343.

In our case, Danon's failure to supplement interrogatories was due to the rigors of his business schedule and cannot be labelled "deliberate." His failure raises no inference that the allegations in his pleadings were untrue, the other factor discussed by the *Fjelstad* court. *See id.* at 1342–43.

Although I believe that imposition of a sanction was justified, I conclude that it was an abuse of discretion to impose the extreme sanction of dismissal.

---

**1.** Although the district court did not explicitly state that AH's failure to comply with the July 29 order was the basis for the fine, this was the ground upon which plaintiff moved for sanctions.