**Kate A. PROFITT, et al., Appellants,**

v.

**Henry J. SMITH, III, M.D., et al., Appellees.**

**No. 84–1574.**

District of Columbia Court of Appeals.

Submitted May 8, 1986.

Decided June 10, 1986.*

---

Harry Toussaint Alexander, Washington, D.C., was on brief, for appellant. Mercer G. Anderson, Washington, D.C., also entered an appearance for appellant.

William J. Donnelly, Jr., Washington, D.C., was on brief, for appellee Smith.

James P. Schaller, Washington, D.C., was on brief, for appellee Washington Hosp. Center.

Before NEWMAN, TERRY and ROGERS, Associate Judges.

TERRY, Associate Judge:

Appellants, Kate Profitt and her husband, Lennox Profitt, appeal from the trial court's order denying their motion to vacate its prior entry of summary judgment for appellees, Dr. Henry J. Smith, III, and the Washington Hospital Center. We affirm.

I

Mrs. Profitt was admitted to the Washington Hospital Center in March 1981 for delivery of her third child. When her obstetrician, Dr. Smith, examined her, he found signs of fetal distress and performed an emergency Caesarean section. Upon entry into the uterine cavity, he found that the umbilical cord was wrapped around the infant's neck. He untangled it and removed it, then delivered a healthy baby.

While Mrs. Profitt was in the recovery room, she was given two units of blood. One of those units had been designated for another patient, a Mrs. Morris, and was given to Mrs. Profitt by mistake. The blood in that unit, however, was B-positive, which was also Mrs. Profitt's blood type. A few days later Mrs. Profitt was discharged from the hospital with no fever, with a well-healed scar, and in a general state of well-being.

Mr. and Mrs. Profitt filed suit against the hospital and Dr. Smith, alleging that on

---

* This case was originally decided by an unpublished memorandum opinion and judgment.

The joint motion of both appellees for publication has been granted by the court.

account of their negligence Mrs. Profitt had been forced to undergo an unnecessary Caesarean section and had received the wrong type of blood while recuperating. The hospital and the doctor both filed motions for summary judgment, supported by affidavits and portions of Mrs. Profitt's hospital records. The affidavits stated that the Caesarean section had been properly performed and could not have been avoided by earlier diagnosis, and that the blood types of both Mrs. Profitt and Mrs. Morris were B-positive. One affiant, a pathologist who was also the director of the hospital's blood bank, said that the blood which was erroneously given to Mrs. Profitt was compatible with hers and could have been designated for her in the first instance.

Appellants requested and obtained three extensions of time for responding to the motions for summary judgment (the last one over objection), but they never filed a response or any opposing affidavits. On September 8, 1983, the trial court granted both motions. *See* Super.Ct.Civ.R. 12–I(k); Super.Ct.Civ.R. 56(e), last sentence. No appeal was taken from that ruling.

On September 6, 1984, almost a year later, appellants filed a motion to vacate the judgment under Super.Ct.Civ.R. 60(b)(6). In support of their motion, appellants stated that they had been unable earlier to secure an affidavit from an expert witness, despite diligent effort, but that the expert was now available. In an accompanying affidavit this expert, a physician, stated that the symptoms of which Mrs. Profitt complained "are recognized among physicians as classical symptoms of a patient who has received in excess of 100 ml. of incompatible blood." The court denied the motion without a hearing, and the Profitts noted this appeal.

## II

■ Appellants contend in some detail that the trial court erred in granting appel-lees' motions for summary judgment, asserting that there were genuine issues of material fact. But the correctness of that ruling is not before us because appellants never noted an appeal from the judgment. This court's Rule 4–II(a)(1) provided in 1983, when the summary judgment was entered, that a notice of appeal must be filed within thirty days after entry of the judgment or order from which the appeal was to be taken.[1] That time was never extended in this case, either by court order or by the timely filing of one of the motions listed in Rule 4–II(a)(2). Without such an extension, appellants were obliged to file a notice of appeal on or before Tuesday, October 11, 1983.[2] Since they never filed a notice of appeal, we lack jurisdiction to consider their challenges to the order granting the motions for summary judgment. *See, e.g., Howard University v., Pobbi-Asamani,* 488 A.2d 1350, 1353 (D.C.1985); *In re C.I.T.,* 369 A.2d 171, 172 (D.C.1977); *see also In re E.G.C.,* 373 A.2d 903, 905 (D.C.1977) (failure to file separate notice of appeal from ruling on post-trial motion precludes consideration of issues raised in that motion).

## III

The only claims of error properly before us are those relating to the trial court's denial of the Rule 60(b)(6) motion to vacate judgment. We find no error.

■ The grant or denial of a motion to vacate judgment under Rule 60(b) lies within the discretion of the trial court, and its determination will be disturbed on appeal only upon a showing of abuse of discretion. *Union Storage Co. v. Knight,* 400 A.2d 316, 318 (D.C.1979); *see Starling v. Jephunneh Lawrence & Associates,* 495 A.2d 1157 (D.C.1985); *Lynch v. Meridian Hill Studio Apts., Inc.,* 491 A.2d 515, 517

---

**1.** The rule was amended and renumbered in 1985 (it is now Rule 4(a)(1)), but the thirty-day limit remained unchanged.

**2.** The thirtieth day, October 8, was a Saturday. The next day that was not a Saturday, Sunday, or holiday (Columbus Day) was October 11. *See* D.C.App.R. 26(a).

(1985); *Tribble v. American Mutual Insurance Co.,* 277 A.2d 659, 661 (D.C.1971). Rule 60(b)(6) is intended for "unusual and extraordinary situations justifying an exception to the overriding policy of finality." *Railway Express Agency, Inc. v. Hill,* 250 A.2d 923, 925 (D.C.1969) (citation omitted); *accord, Union Storage Co. v. Knight, supra,* 400 A.2d at 318; *Ohio Valley Construction Co. v. Dew,* 354 A.2d 518, 521 (D.C.1976). Additionally, a motion under subsection (6) must be made "within a reasonable time," and what is reasonable depends upon the facts in each individual case. *Tribble v. American Mutual Insurance Co., supra,* 277 A.2d at 661; *Royal Credit Co. v. Mas Marques,* 222 A.2d 70, 71 (D.C.1966); 7 J. Moore & J. Lucas, Moore's Federal Practice ¶ 60.27 [3] (2d ed. 1985); 11 C. Wright & A. Miller, Federal Practice and Procedure § 2866, at 228 (1973).

■ In the case at bar, appellants did not file their motion to vacate until nearly a year after the entry of summary judgment. The affidavit in support of the motion had been prepared in January 1984, eight months before the filing of the motion, and the examination which formed the basis for the affidavit had been completed in November 1983, two months before that. Under these circumstances, we conclude that the motion was not filed within a reasonable time. *See Tribble v. American Mutual Insurance Co., supra,* 277 A.2d at 661; *Lee v. Henry J. Robb, Inc.,* 163 A.2d 827, 828 (D.C.1960); *MacLeod v. D.C. Transit System, Inc.,* 108 U.S.App.D.C. 399, 400, 283 F.2d 194, 195 (1960). We note also that the basis for the motion was that appellants finally had obtained an expert witness willing to support their claims, which is not the sort of unusual or extraordinary situation justifying an exception to the overriding policy of finality. *See MacLeod, supra,* 108 U.S.App.D.C. at 400, 283 F.2d at

195. *Compare Ohio Valley Construction Co. v. Dew, supra,* 354 A.2d at 521–522. Accordingly, we hold that the trial court did not abuse its discretion in denying appellants' motion to vacate.[3]

*Affirmed.*

---

**3.** Appellants do not contend that their attorney was negligent, or that he breached his duty to devote reasonable efforts toward representing them. *See Clark v. Moler,* 418 A.2d 1039, 1042 (D.C.1980). Even if they had made such an argument, they have failed to show not only

that their counsel was negligent but that they themselves were assiduous in pursuing their claim. *See Bond v. Wilson,* 398 A.2d 21, 24 (D.C.1979); *see also Lynch v. Meridian Hill Studio Apts., Inc., supra,* 491 A.2d at 519–520.