## MATTER OF TIN

### Application for Permission to Reapply

### A-15977562

*Decided by Regional Commissioner June 4, 1973*

(1) Absent substantial equities in the instant case where applicant has no family ties in the United States and there is no indication that denial would result in hardship to anyone (except for the unsubstantiated allegation of temporary hardship to the employer who employed applicant while illegally in the United States), permission to reapply for admission after deportation is denied, as a matter of discretion, in the light of applicant's disregard for the immigration laws, particularly his reentry following deportation, having been smuggled across the Canadian border into this country.

(2) In determining an application for permission to reapply after arrest and deportation, consideration should be given to all pertinent factors. These factors include, but are not limited to, the basis for deportation; recency of deportation; length of residence in the United States; applicant's moral character; his respect for law and order; evidence of reformation and rehabilitation; his family responsibilities; any inadmissibility under other sections of law; hardship involved to himself and others; and the need for his services in the United States.

(3) *Matter of H—R—*, 5 I. & N. Dec. 769, is superseded to the extent that that decision requires the existence of at least one of the four conditions specified therein before permission to reapply may be granted.

ON BEHALF OF APPLICANT: Jack Wasserman, Esquire
1707 H Street, N.W.
Washington, D.C. 20006

The applicant is a 36-year-old native and citizen of China. He had been admitted as a crewman on a vessel on May 25, 1966 for the time the vessel was in port, not to exceed 29 days, and failed to depart on the vessel or within that time. He was apprehended by an officer of this Service on December 19, 1966. After a special inquiry hearing, he was granted the privilege of departing voluntarily from the United States, but he failed to do so and on December 14, 1967 he was deported. It is because of this deportation that he now requires, and has applied for, permission to reapply for admission to the United States.

On the date of the filing of the application, January 2, 1973, he

was in the United States after having been smuggled into the country on August 5, 1970 across the Canadian border. He had arrived in Canada as a crewman on a vessel and had deserted it. He surrendered voluntarily to this Service at Washington, D.C. on May 18, 1972. Thereafter, a special inquiry officer granted him the privilege of departing voluntarily from the United States within a time to be set by the District Director with a proviso that if he failed to depart he would be deported. He departed voluntarily on February 10, 1973.

The applicant has no relatives in the United States. The record shows him to have a wife and four children in mainland China. His own foreign address is shown as in Hong Kong. He was not prosecuted for his illegal entry across the Canadian border, and there is nothing in the record to show that he is other than a person of good moral character. While in the United States in an illegal status, he was employed in Chinese restaurants. His previous employment is shown as a bridge boy, sailor and quartermaster on vessels.

The applicant is the beneficiary of a labor certification dated June 21, 1972 issued pursuant to section 212(a)(14) of the Immigration and Nationality Act, as amended, as a cook, Chinese style food, requiring a minimum of two years of experience. It is evident from the record that all of this required experience was gained by the applicant while he was illegally in the United States.

The offer of employment on which the labor certification is based is by a restaurant which was the last place of employment of the applicant. Attorney for the application in oral argument stated the restaurant is in urgent need of regaining the services of the applicant. This is because the owner's wife, who normally helps out, is pregnant and currently unable to assist in the operation of the restaurant. This is additional information which was not before the District Director when he made his decision to deny the application.

However, there was in the record when the District Director made his decision a copy of the labor certification which had been submitted by the attorney. The District Director's decision did not refer to the need for the services of the applicant in the United States. The attorney argues that the need should have been cited, since it is one of four categories of cases in which permission to reapply may be granted according to the precedent decision, *Matter of H—R—*, 5 I. & N. Dec. 769. The other three categories mentioned in that decision are cases in which (1) unusual hardship would result to persons lawfully in the United States if the application should be denied, or (2) the applicant is a *bona fide* crewman who has no means of earning his livelihood other than

by pursuing such calling, which necessitates his coming to the United States, or (3) it is necessary for the applicant to enter the United States frequently across the international land border to purchase the necessities of life or in connection with the business in which he is engaged or for some other urgent reason.

The decision in *Matter of H—R—,supra,* was made in 1954. It indicates that permission to reapply for admission may not be granted unless the alien is within one of the categories of cases described above. The Service in recent years has not observed that restriction literally. While the circumstances described in those four categories are favorable factors to be considered with unfavorable factors in determining whether an application for permission to reapply for admission should be granted as a matter of discretion, the Service no longer regards them as exclusive factors. For example, in the absence of significant unfavorable factors, the Service would not be averse to approving an application for permission to reapply by a refugee even though denial would result in unusual hardship only to himself and not persons lawfully in the United States. As a further example, an alien who was deported many years ago solely for a minor immigration violation and who has a *bona fide* reason for wanting to immigrate to the United States, may be granted permission to reapply even though the hardship to the citizen would not be unusual, absent any adverse factors. The *Matter of H—R—* is, therefore, superseded to the extent that it is inconsistent with the decision in this case.

Consent to reapply for admission is required in the case of an alien who has been arrested and deported, in order to be removed from the class of excludable aliens described in section 212(a)(17) of the Immigration and Nationality Act. That section describes as excludable:

> Aliens who have been arrested and deported, or who have fallen into distress and have been removed pursuant to this or any prior act, or who have been removed as alien enemies, or who have been removed at Government expense in lieu of deportation pursuant to section 242(b), unless prior to their embarkation or reembarkation at a place outside the United States or their attempt to be admitted from foreign contiguous territory the Attorney General has consented to their applying or reapplying for admission.

In determining whether the consent required by statute should be granted, all pertinent circumstances relating to the applicant which are set forth in the record of proceedings are considered. These include but are not limited to the basis for deportation, recency of deportation, length of residence in the United States, the moral character of the applicant, his respect for law and order, evidence of reformation and rehabilitation, his family responsibili-

ties, any inadmissibility to the United States under other sections of law, hardship involved to himself and others, and the need for his services in the United States.

In this case the applicant has no family ties in the United States. His wife and children reside in mainland China. There is no indication that denial of the application would result in hardship to anyone, with the possible exception of his intended employer. The manner of his last entry into the United States after his deportation evidences a disrespect for law. The experience, through which he qualified for the labor certification issued to his intended employer, was acquired while in an illegal status subsequent to that entry. He thus obtained an advantage over aliens seeking visa issuance abroad or who abide by the terms of their admission while in this country. Under these circumstances, including the possibility that approval of the application would appear to be a condonation of his acts and could encourage others to enter to work in the United States illegally, approval would be appropriate only if there were substantial equities in the applicant's favor.

We have taken note of the fact that there is no indication that the applicant is ineligible for visa issuance or admission to the United States; that he surrendered to the Service voluntarily; and that his recent departure (on February 10, 1973) was accomplished voluntarily; at his own expense; and counsel's allegation that the applicant's services are urgently needed by the intended employer to provide services in the latter's restaurant normally provided by the employer's wife who is incapacitated because of pregnancy.

On balance, it is concluded that the unfavorable factors outweigh the favorable ones and that approval of the application is not warranted as a matter of discretion.

**ORDER:** The decision of the District Director at Washington, D.C. is affirmed and the appeal of the applicant is hereby dismissed.