MATTER OF CARBAJAL

Application for Permission to Reapply for Admission

A-22870733

*Decided by Commissioner October 26, 1978*

(1) This case involves an application for permission to reapply for admission under section 212(a)(17) of the Immigration and Nationality Act, 8 U.S.C. 1182(a)(17), by an applicant who is the beneficiary of an approved visa petition filed under section 203(a)(6) of the Act, 8 U.S.C. 1153(a)(6), by a United States employer. This employer is in need of the applicant's services and is suffering hardship due to inability to fill the job which has been offered the applicant.

(2) Applicant has been in the United States unlawfully several times. Each time he came to Service attention, he was granted the privilege of voluntary departure under section 244(e) of the Act, 8 U.S.C. 1254(e). Since a finding of good moral character is required for a grant of voluntary departure, this record does not sustain a finding that these immigration violations rendered applicant a person of bad moral character.

(3) Applicant's four occasions of illegal entry are not to be condoned. However, given the need for applicant's services in the United States and his eligibility for the issuance of an immigrant visa, along with the other favorable and unfavorable factors, the interests of all parties concerned would be best served if the application were granted.

ON BEHALF OF PETITIONER: Edward Weinstein, Esquire
2305 Las Vegas Boulevard, South
Las Vegas, Nevada 89104

This matter is before the Commissioner on certification as provided by 8 C.F.R. 103.4, for review of the Regional Commissioner's decision to dismiss the appeal from the District Director's decision to deny the application for permission to reapply for admission into the United States after deportation or removal.

The applicant is a 27-year-old native and citizen of Mexico. The record shows that the applicant is married to a native and citizen of Mexico, and has two children, both born in Mexico. The applicant last entered the United States on or about April 23, 1975, near Columbus, New Mexico, by evading inspection. He was found by immigration officers employed on a ranch near Pahrump, Nevada, on May 19, 1976. The applicant, his spouse, or children have not been admitted for permanent residence to the United States. He admitted that he had

272

illegally entered the United States on three previous occasions, and had been granted voluntary departure prior to the institution of deportation proceedings on each of the previous occasions. The last previous voluntary departure occurred at Dallas, Texas, in 1971. The applicant was again granted voluntary departure prior to the institution of deportation proceedings and was granted until June 1976 to depart. The applicant, through counsel, notified this Service on June 9, 1976, that he did not intend to depart from the United States voluntarily, and an Order to Show Cause why he should not be deported was issued on June 9, 1976, by the District Director at San Francisco. The hearing was set for June 16, 1976. The immigration judge found that upon the basis of the applicant's admissions, the applicant was deportable. The applicant then made application for voluntary departure, and the judge entered an order granting the applicant until September 16, 1976, to depart the United States voluntarily; and further ordered that should the applicant fail to depart when and as required, the order of voluntary departure would be withdrawn and deportation would be effected. On September 16, 1976, the applicant, through counsel, petitioned the Ninth Circuit of Appeals for review of the deportation proceedings. On January 3, 1977, this petition was dismissed on a Service motion that the court lacked jurisdiction since the applicant had not exhausted all administrative appeals. The applicant was then deported to Mexico on February 3, 1977.

In support of his application, the applicant calls attention to the fact that he is now eligible to receive a permanent resident visa by reason of an approved sixth-preference petition submitted in his behalf by Theodore Blosser. The petition is supported by a labor certification issued by the Secretary of Labor which certifies there are no United States residents available to fill the job which Mr. Blosser is offering. In addition to establishing a need for the services of the applicant, Mr. Blosser, in a separate letter of supplication to this Service, points out the hardship that is occurring to him because of his inability to find a qualified person to fill the position which he has offered.

The Regional Commissioner, in dismissing the applicant's appeal from the District Director's order denying the instant application, cited *Matter of Tin,* 14 I&N Dec. 371 (BIA 1973), and found that the adverse factors outweighed the favorable factors. He opined that the record of previous immigration violations established that the applicant could not establish good moral character or proper respect for law and order, and that these factors outweighed the need for the applicant's services and the hardship encountered by Mr. Blosser.

The Board of Immigration Appeals addressed the matter of immigration violations with regard to the establishment of good moral character in *Matter of T—,* 1 I&N Dec. 158 (BIA 1941). In *Matter of T—,*

273

*id.*, the Board held that three deportations and two convictions for reentry after deportation did not substantiate a finding of bad moral character, since there appeared to be no moral turpitude in the conduct and attitude of the respondent, and nothing evincing a calloused conscience.

In the instant case, we have a far less extensive record compared to that in *Matter of T—, id.* In addition, we find the applicant has, on each occasion he came to Service attention, been granted the privilege of voluntary departure, which requires a finding of good moral character. Therefore, I conclude that the record does not sustain a finding that the applicant is a person of bad moral character.

The Regional Commissioner's finding that the applicant has failed to establish that he has proper respect for law and order is also based on the four illegal entries effected by the applicant. The record is silent as to any other infractions of law, and I will assume that in all other aspects, the applicant does appear to abide by the law. The applicant's last illegal entry into the United States occurred 4 years after having been granted voluntary departure in 1971. The record is silent as to the factors that finally motivated the applicant to enter the United States illegally.

I will not condone these four occasions of illegal entry by the applicant; however, I find that when balanced against the need for the applicant's services in the United States and his current eligibility for the issuance of an immigrant visa, as well as all other factors favorable and unfavorable not specifically mentioned, that the interests of all parties concerned would best be served if permission to reapply after deportation were granted in the instant case.

ORDER. The order of the District Director denying the application for permission to reapply after deportation and the Regional Commissioner's order dismissing the appeal from that order are set aside, and the application is hereby granted.