**Julian MUNOZ–SANTANA,**
**Plaintiff-Appellee,**

**v.**

**U.S. IMMIGRATION AND NATURALIZATION SERVICE, et al.,**
**Defendants-Appellants.**

**No. 84–3547.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 9, 1984.

Decided Sept. 11, 1984.

Robert LaRoche, Billings, Paul Bovarnick, Hillsboro, Or., for plaintiff-appellee.

Lauri Steven Filppu, Dept. of Justice, Washington, D.C., for defendants-appellants.

Before PECK,* WRIGHT and FARRIS, Circuit Judges.

FARRIS, Circuit Judge:

## I. INTRODUCTION

Aliens who have been deported are excluded from reentry into the United States unless the Attorney General consents. 8 U.S.C. § 1182(a)(17). To obtain such consent, an alien must file an application for "Permission to Reapply for Admission into the United States Following Deportation," commonly referred to as an "I–212." Munoz's I–212 was rejected by the INS District Director and Regional Commissioner. He then filed a declaratory judgment action in federal district court alleging that the INS's denial of his application so departed from the established pattern of its decisions as to be arbitrary and capricious. To show that his treatment deviated from the norm, he requested the INS to produce every written decision from the district office in Helena, Montana and the office of the Northern Regional Commissioner granting or denying an I–212 between July 31, 1979 and July 30, 1981. The INS filed a motion for a protective order on the ground that the request was unduly burdensome. The court denied the motion and ordered the INS to produce the requested documents. The INS then supplied Munoz with a portion of the information asked for. Munoz sought sanctions for the INS's failure to comply fully with his discovery request. The district court granted his motion and found that the INS's denial of his application was arbitrary and capricious. The INS filed a motion to reconsider, which was denied.

On appeal the INS argues that the discovery order was improper and the sanction unwarranted. We reverse.

## II. STANDARD OF REVIEW

■ A district court's orders and sanctions relating to discovery will be overturned only for abuse of discretion. *Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984); *Insurance Corporation of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 695, 707, 102 S.Ct. 2099, 2101, 2107, 72 L.Ed.2d 492 (1982).

## III. DISCUSSION

### A. *Propriety of the Discovery Order*

The Federal Rules of Civil Procedure permit a party to obtain discovery of any matter which is relevant and not privileged. Fed.R.Civ.P. 26(b)(1). Rule 26 also states that discovery shall be limited if the court determines that the discovery is "unduly burdensome or expensive, taking into account the needs of the case [and other factors]." The INS argues that it costs too much to comply with the discovery order and that Munoz does not really need the

* Honorable John W. Peck, Senior Judge, Sixth Circuit, sitting by designation.

material anyway. We consider these arguments in turn.

1. *Cost of compliance.* The INS knows that the Helena, Montana District Director acted on 84 I–212 applications during the period covered by the discovery order, but the agency's computer system is not indexed in a way that permits the retrieval of those files. Therefore the files must be searched by hand, a process which the INS contends is prohibitively expensive. The discovery order also required that all I–212 appeals decided by the Northern Regional Commissioner during the relevant period be produced. The INS produced only a few of them and indicated to the trial court without full explanation that it was too difficult or expensive to obtain the rest. On appeal, the INS discussed more fully the expense and difficulty involved. We do not condone its failure to do so at the trial level but we cannot, under the circumstances, deem that fatal to its argument.

■ The cost of complying with this discovery order, either by hand search or by improving the computer filing system, is substantial. The INS states at page 17 of its brief that 266 man-hours were spent searching files at a cost of $15,996. This cost represents only the expense of partial compliance with the discovery order. Full compliance would have been more costly. Since the need for the records was not especially great, the imposition of such a heavy burden on the agency was an abuse of discretion.

2. *Munoz's need for the records.* In *Nicholas v. INS,* 590 F.2d 802 (9th Cir. 1979), Nicholas challenged the INS District Director's decision not to grant him non-priority status. He relied on a law review article to demonstrate that his case had been handled differently from similar cases. We held that this evidence was not sufficient to establish a pattern of agency conduct. Munoz, heeding the lesson of *Nicholas,* sought to show that he had been treated arbitrarily by comparing his case

with all I–212 dispositions from the same INS offices during the past two years.

The INS contends Munoz did not need the requested documents to make out his case. First, the agency argues that the criteria set out in *Matter of Tin,* 14 I. & N. Dec. 371, 373–74 (Reg.Comm.1973), provide a sufficient basis for Munoz to challenge the decision in his case. These criteria

include but are not limited to the basis for deportation, recency of deportation, length of residence in the United States, the moral character of the applicant, his respect for law and order, evidence of reformation and rehabilitation, his family responsibilities, any inadmissibility to the United States under other sections of law, hardship involved to himself and others, and the need for his services in the United States.

We agree. Munoz failed to make any showing that these published criteria were not an adequate substitute for the documents requested.

The INS also claims that published decisions and records supplied in partial compliance with the discovery order sufficed for Munoz to establish a pattern of agency conduct. Munoz had access to the following materials: five published decisions from the years 1973 to 1978 (and thus prior to the time period covered by the discovery order) and 31 decisions supplied by the INS in partial response to the discovery order (12 denials and 13 approvals by the District Director and six denials by the Regional Commissioner). By comparison, the documents requested by Munoz were: 84 decisions by the District Director (58 approved and 26 denied) and an indeterminate number of appeals to the Northern Regional Commissioner. The INS does not argue that the documents supplied are representative of those requested, but neither does Munoz give any reason why the 31 decisions at his disposal do not suffice to establish a pattern of agency conduct. Nor is there any suggestion that the INS's partial compliance was not in good faith.

After considering the burdensomeness of the discovery order and the adequacy of materials available to Munoz, we find that the district court abused its discretion in the grant of the discovery order.

### B. *Propriety of the Sanction*

█ Fed.R.Civ.P. 37(b)(2) describes sanctions of varying severity which the district court may impose on one who defies a discovery order. A sanction must be just and specifically related to the particular claim at issue in the discovery order. *Insurance Corporation of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707, 102 S.Ct. 2099, 2107, 72 L.Ed.2d 492 (1982); *Professional Seminar Consultants, Inc. v. Sino American Technology Exchange Council, Inc.*, 727 F.2d 1470, 1474 (9th Cir.1984).

█ Default is not warranted in the absence of willfulness, bad faith, or fault. *Societe Internationale v. Rogers*, 357 U.S. 197, 212, 78 S.Ct. 1087, 1095, 2 L.Ed.2d 1255 (1958); *Professional Seminar Consultants, supra.* The district court found no willfulness or bad faith, E.R. 113, so the question is whether the INS's noncompliance constitutes "fault" sufficient to sustain the default judgment. The INS showing regarding the expense necessary to improve its filing system or undertake a search by hand, coupled with its partial compliance with the discovery order and its showing of alternate sources for Munoz-Santana to obtain the information necessary and sufficient to prove his point, precludes a finding of agency "fault" sufficient to sustain the default judgment.

### IV. CONCLUSION

The district court abused its discretion in granting the discovery requested by Munoz and imposing a default judgment against the INS for its noncompliance with the discovery order.

REVERSED.