William E. BROCK, Secretary of Labor

v.

TEAMSTERS LOCAL UNION
NO. 863, et al.

Civ. A. No. 85–198.

United States District Court,
D. New Jersey.

Sept. 19, 1986.

Edward Lamb, Robinson, Wayne, Levin, Riccio & Lasala, and Andrew F. Zazzali, Jr., Zazzali, Zazzali & Kroll, Newark, N.J., for defendants.

George R. Salem, Deputy Sol. of Labor, Albert H. Ross, Regional Sol., Michael D. Felsen, U.S. Dept. of Labor, Boston, Mass., for plaintiff.

FREDA L. WOLFSON, United States Magistrate.

Before the Court is a motion by the plaintiff United States Department of Labor ("DOL") for a protective order under Fed.R.Civ.P. 26(c) and 30(d),[1] precluding the deposition of investigators of the New York area office of the Pension and Welfare Benefits Administration, and terminating the deposition of Jeffrey Gaynor, an assistant to the area administrator and supervisor of the Department's investigator in this matter. This is an action under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.,* in particular that part pertaining to fiduciary duties, section 1104. The gravamen of the complaint centers on expenditures involved in a lease agreement between defendant Teamsters Local Union No. 863 Pension and Welfare Funds and Local 863 Corporation, owner of the leased property and whether defendants acted in accordance with the prudent man rule of section 1104. The discovery argument is over what is relevant and necessary to this controversy. For reasons set forth below, plaintiff's motion will be granted.

Defendants assert that their discovery requests are for information peculiarly under the control of the plaintiff which is necessary to determine a standard of prudent conduct. Stating that there is a lack of an objective standard to measure defendants' actions, defendants argue that it is critical to learn what other trustees of similar plans have done and whether other trustees' actions in similar circumstances have met with approval by the government. *See* Defendants' Brief in Opposition to Plaintiff's motion at 11–13. Defendants conclude that where there are no guidelines set out, as here, the information sought through discovery would provide the basis for determining what is prudent conduct. *Id.* at 15–16.

But plaintiff contends that the broad discovery request of defendants, including depositions of all New York area DOL employees with ERISA lease experience, exceeds the bounds of *Fed.R.Civ.P.* 26, and that the information sought is irrelevant to this case. Plaintiffs assert that the only possible basis for finding this discovery to be relevant is if defendants were to employ the information regarding other trust funds to claim improper selective enforcement—which defendants have not raised; they would be required to raise a colorable claim of improper motivation and selective enforcement at the threshold of discovery. *See Attorney General v. Irish People, Inc.,* 684 F.2d 928, 932 (D.C.Cir.1982). This was not done and has not been raised by defendants in support of their request for the disputed discovery and thus, is not a basis for providing the discovery on our review today.

Regarding the deposition of Jeffrey Gaynor, defendant's position appears to be that Mr. Gaynor's supervisory position over investigator Kaiser and his co-authorship of a letter addressing the disputed trust expenditures of defendants establish a basis of knowledge on his part of the instant

---

**1.** It appears that plaintiff's entire motion, including the protection against further deposing of Jeffrey Gaynor, is pursuant to Rule 26(c).

Rule 30(d) provides for the terminating of a deposition *during* the taking of a deposition.

prosecution and of other similar but unrelated investigations. See Exhibits E and F, defendant's brief in opposition to plaintiff's motion. However, plaintiff states that Gaynor has twice appeared for depositions, that he is neither a fact nor an expert witness, and that any further questioning of him on this matter would be irrelevant and harassing. Memorandum in Support of Plaintiff's Motion at 8–9.

■ To the extent that defendants seek to determine the DOL's decision-making reasoning in their pursuit of Gaynor's testimony they appear to be barred by the governmental deliberative process privilege. In an earlier discovery motion in this same case (order entered 10/25/85) Judge Haneke applied the principle in denying certain of defendants' discovery requests. The basic purpose of the privilege is to protect the thoughts, ideas and analytical process by which an agency reaches a decision, as well as the entire administrative reasoning process. *Kansas State Network, Inc. v. F.C.C.*, 720 F.2d 185, 191 (D.C.Cir.1983). On this privilege a Federal District Judge was found to have abused the exercise of discretion in ordering the granting of an alien's request for every written decision from an INS district office approving applications for admission, where the cost of complying was substantial and there was no showing that the criteria set out in the agency decision was not an adequate substitute for discovery. *Munoz-Santana v. United States INS.*, 742 F.2d 561, 563–64 (9th Cir.1984).

■ To the extent that defendants' discovery request is not protected by the deliberative process privilege the issue becomes whether the information sought is relevant and necessary to the resolution of this case. The fiduciary duty of the prudent man rule is described in ERISA § 1104(a)(1)(B) as the discharge of duties "with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims...."

Defendants urge, as stated before, that, absent the issuance of guidelines, they require information within DOL's possession on other similar ERISA funds administered in a similar manner, in order to provide a standard of prudent conduct. But the case law under ERISA suggests that no such offering is necessary to determine this issue. "[P]rudence is measured according to the objective 'prudent person' standard developed in the common law of trusts." *Katsaros v. Cody*, 744 F.2d 270, 279 (2d Cir.1984). "[T]he case law gives meaning to the 'prudence' standard," and is "replete" with "examples of imprudent behavior by plan fiduciaries." *Donovan v. Walton*, 609 F.Supp. 1221, 1238, 1239 (D.Fla. 1985). Courts have focused the inquiry under the "prudent man" rule on a review of the fiduciary's independent investigation of the merits of a particular investment. *Katsaros, supra,* 744 F.2d at 279. And, of necessity, "[T]he definition of 'prudent behavior' is an evolving concept that is given meaning by the facts and circumstances of each case." *Donovan v. Walton, supra,* 609 F.Supp. at 1240. The court may bring to bear prior case law regarding ERISA fund allocations in its analysis of the facts in the present case without requiring an unduly burdensome and unnecessary extension of the present discovery process.

The factual question, whether defendant's allocations of the fund were reasonable in accordance with the prudent man standard will be tried on the individual facts of this case, and in light of the standard as developed in the case law; discovery regarding other DOL investigations would be "unduly burdensome and expensive" and does not appear "reasonably calculated to lead to the discovery of admissible evidence." Rule 26(c). Plaintiff's motion for a Protective Order is Granted. An order will be entered.

This matter having come before the Court by Motion of Plaintiff Secretary of the United States Department of Labor, seeking a protective order and an order terminating deposition, and the Court having considered all the papers submitted,

and this matter being considered pursuant to *F.R.Civ.P.* 78 and for good cause shown,

IT IS on this 19th day of September, 1986,

ORDERED that the deposition of Jeffrey W. Gaynor be terminated, and that no testimony of Mr. Gaynor be taken by Defendants without further Order of this Court; and it is

ORDERED that the deposition of U.S. Department of Labor employees who have audited, investigated, or analyzed lease arrangements other than those between Local 863 Corporation and the Teamsters Local 863 Pension and Welfare Funds not be taken by Defendants.