Howard Lee WHITE, Plaintiff,

v.

AMERICAN TOBACCO COMPANY, et al., Defendants.

No. CV–S–89–86–LDG(RJJ).

United States District Court,
D. Nevada, S.D.

May 16, 1989.

---

Howard Lee White, Carson City, Nev., in pro. per.

David Goldwater, Las Vegas, Nev., for American Tobacco Co.

Susan Johnson, Las Vegas, Nev., for John Moran.

## ORDER

ROBERT J. JOHNSTON, United States Magistrate.

This matter was referred to the undersigned Magistrate April 27, 1989, on Defendant, THE AMERICAN TOBACCO COMPANY'S Motion for Protective Order (# 20).

The Defendant, THE AMERICAN TOBACCO COMPANY, seeks a protective order staying all discovery in this case pursuant to Rule 26(c) of the Federal Rules of Civil Procedure pending this Court's decision on Co–Defendant, JOHN MORAN'S Motion to Dismiss for Lack of Subject Matter Jurisdiction (# 6).

## HISTORY OF CASE

The Plaintiff, HOWARD LEE WHITE, filed a Complaint (# 1) against THE AMERICAN TOBACCO COMPANY and SHERIFF JOHN MORAN. Plaintiff's Complaint predicates liability on the basis of a tobacco product, Genuine Durham Smoking Tobacco, which was allegedly given to him by the Defendant, JOHN MORAN, while he was incarcerated at the Clark County Detention Center in 1987. The Defendant, THE AMERICAN TOBACCO COMPANY, manufactures and sells Genuine Durham Smoking Tobacco. The Plaintiff alleges personal injuries as a result of his use of the product, Genuine Durham Smoking Tobacco.

The Plaintiff asserts jurisdiction against both Defendants "upon 15 U.S.C., Sections 1261, 1451, and 1452 *et. seq.;* 28 U.S.C., Sections 1331 and 1332(a)(1) and (c); 42 U.S.C., Section 1988; upon NRS 211.030 and 211.140(4)(a) and (c); upon *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed. 2d 218 (1966), and upon pendant jurisdiction." Complaint (# 1) at 1, lines 21–25.

The Defendant, JOHN MORAN, filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction (# 6) pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.[1]

Defendant, THE AMERICAN TOBACCO COMPANY, has not joined in SHERIFF MORAN'S Motion to Dismiss (# 6) or filed its own motion to dismiss. MORAN'S Motion to Dismiss for Lack of Subject Matter Jurisdiction (# 6) has not been decided by the Court.

The Defendant, THE AMERICAN TOBACCO COMPANY, has pursued discovery[2] since filing its Answer and Jury

---

1. The issues asserted in Defendant, JOHN MORAN'S Motion to Dismiss for Lack of Subject Matter Jurisdiction (# 6) are as follows:

    1. Plaintiff has not satisfied the jurisdictional requirements of diversity of citizenship under 28 U.S.C. § 1332 against Defendant MORAN, and thus, this Court does not have subject matter jurisdiction over this Defendant upon this basis.

    2. A review of the federal statutes referred to by Plaintiff within his Complaint clearly demonstrates that this Court does not have subject matter jurisdiction under 28 U.S.C. § 1331 in regard to Defendant MORAN.

    3. Plaintiff cannot support subject matter jurisdiction through his naked assertions that pendant jurisdiction exists as against Defendant MORAN.

2. Discovery by the Defendant, THE AMERICAN TOBACCO COMPANY, includes the following:

    1. Deposition of the Custodian of Records of Ivan D. Karabachev, M.D., on April 18, 1989, pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure and Notice to Take Deposition (# 11).

    2. Deposition of the Custodian of Records of Las Vegas Medical Center, on April 18, 1989, pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure and Notice to Take Deposition (# 12).

    3. Deposition of the Custodian of Records of Leandro Queniahan, M.D., on April 18, 1989, pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure and Notice to Take Deposition (# 13).

    4. Deposition of the Custodian of Records of John Moran, Sheriff, on April 17, 1989, pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure and Notice to Take Deposition (# 14).

Demand (# 10) on March 16, 1989. The Defendant, JOHN MORAN, has apparently not initiated any discovery.

On March 20, 1989, and April 6, 1989, the Plaintiff served interrogatories on the Defendant, THE AMERICAN TOBACCO COMPANY, pursuant to Rule 33 of the Federal Rules of Civil Procedure. Exhibit A and B attached to Plaintiff's Opposition (# 23).

On April 11, 1989, the Defendant, THE AMERICAN TOBACCO COMPANY, filed its Motion for Protective Order (# 20).

## DISCUSSION

Defendant, THE AMERICAN TOBACCO COMPANY, seeks a protective order staying all discovery so that it will not be put to the burden of responding to Plaintiff's interrogatories in view of the possibility that this Court may not have subject matter jurisdiction of this action.

"A district court may limit discovery 'for good cause', Rule 26(c)(4), Federal Rules of Civil Procedure, and may continue to stay discovery when it is convinced that the plaintiff will be unable to state a claim for relief." *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir.1981), *cert. denied*, 455 U.S. 942, 102 S.Ct. 1437, 71 L.Ed.2d 654 (1982). Additionally, if there are no factual issues raised by the motion to dismiss, *Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984), and discovery is not required to address the issues raised by Defendant's motion to dismiss, *Jarvis v. Regan*, 833 F.2d, 149, 155 (9th Cir.1987), it is appropriate for the district court to stay all discovery pending the disposition of the motion to dismiss.

These cases all involve situations where the defendant secured a protective order prohibiting discovery while the defendant's motion to dismiss was pending a decision by the Court.

In this case, the Defendant, THE AMERICAN TOBACCO COMPANY, has neither filed a Motion to Dismiss nor joined in the Motion to Dismiss filed by the Co-Defendant, JOHN MORAN. This Court can find no "good cause shown" to stay discovery absent a pending Motion to Dismiss on behalf of the Defendant, THE AMERICAN TOBACCO COMPANY.

Additionally, THE AMERICAN TOBACCO COMPANY has aggressively pursued discovery against the Plaintiff and the Co-Defendant MORAN in this case. However, when the Plaintiff seeks minimal discovery from the Defendant, THE AMERICAN TOBACCO COMPANY, it requests a protective order prohibiting all discovery. The Defendant, THE AMERICAN TOBACCO COMPANY, will not be allowed to have the benefit of unilateral discovery in this case.

## CONCLUSION

Based on the foregoing,

IT IS HEREBY ORDERED that Defendant, THE AMERICAN TOBACCO COMPANY'S Motion for Protective Order (# 20) is denied; and,

IT IS FURTHER ORDERED that Defendant, THE AMERICAN TOBACCO COMPANY shall answer the interrogatories served on it by the Plaintiff on or before May 31, 1989.

5. Deposition of the Custodian of Records of Bryan Goodman, M.D., on April 18, 1989, pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure and Notice to Take Deposition (# 15).

6. Deposition of the Custodian of Records of the Clark County Detention Center, on April 17, 1989, pursuant to Rule 26 and 30 of the Federal Rules of Civil Procedure and Notice to Take Deposition (# 17).

7. Deposition of the Custodian of Records of Charles J. Abdo, M.D., on April 18, 1989, pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure and Notice to Take Deposition (# 18).

8. Deposition of the Custodian of Records of Donald Mackay, M.D., on April 28, 1989, pursuant to Rules 26 and 30 of the Federal Rules of Civil Procedure and Notice to Take Deposition (# 19).