**TURNER BROADCASTING SYSTEM, INC., et al., Plaintiffs,**

v.

**TRACINDA CORPORATION, Defendant.**

**No. CV–S–97–415–HDM(RLH).**

United States District Court,
D. Nevada.

July 18, 1997.

**ORDER**

HUNT, United States Magistrate Judge.

Before this Court is **Defendant's Ex Parte** [1] **Motion for Stay of Discovery Pend-**

---

1. This motion is incorrectly characterized as an "ex parte" motion. It is not truly ex parte because Plaintiffs were served with the motion. What the Defendant apparently intended was to file was an "emergency" motion in order to have the matter considered expeditiously. Plaintiff's Opposition requested expedited consideration of the matter as well. Accordingly, the Court finds

ing Resolution of Motion to Dismiss (# 22, filed July 8, 1997). Plaintiffs' Opposition (# 25), requesting an expedited hearing, was filed July 16, 1997. The Court finds no reason for a hearing, but will consider the matter expeditiously. Defendant's Reply (# 26) was filed July 17, 1997. ....

## HISTORY OF CASE

This case arises from a complex merger and spin off arrangement whereby Tracinda, Tracinda's sole shareholder (Kirk Kerkorian), and other public shareholders, sold to the Turner Group the stock in MGM. Then, UA, a solely owned subsidiary of MGM, was transferred back to Tracinda and other public shareholders, referring to the spun off corporation as New UA (and which has now apparently been renamed Metro–Goldwyn–Mayer, Inc.) and subsequently resold. This was all accomplished through a series of agreements entered into by various parties and entities.

Plaintiffs have sued Defendant over what it claims to be contractual obligations to permit Plaintiffs to receive the benefits of any tax loss to UA which resulted from the sale of UA to Tracinda. Defendant Tracinda has filed a motion to dismiss, alleging that it was not a party to any of the agreements which so provide and that the agreement it signed had no such provision.

After being served with Interrogatories and Requests for Production of Documents, Defendant Tracinda now asks this Court to stay discovery until its motion to dismiss has been decided.

## DISCUSSION

■ Defendant moves for a stay of discovery so it does not have to respond to what it characterizes as burdensome and oppressive discovery requests in the event the Court grants its motion to dismiss. It is argued that the motion, brought pursuant to Fed. R.Civ.P. 12(b), can and will be decided purely upon the legal issue of the interpretation of the contracts, and, there requires no discov-

ery of facts for the resolution of the motion to dismiss. Defendant also complains that the discovery already served by Plaintiffs would impose a significant burden and expense, and is only the first step in the "expansive" discovery the Plaintiffs wish to pursue, and further that some of the discovery requests involve documents which are irrelevant or possibly privileged.

This Court is not convinced that the Defendant's motion hinges solely on whether a certain agreement does or does not contain the provisions Plaintiffs claim. There may be broader questions of the interrelationship between various agreements, who were intended to be the parties to which agreements and who was involved in entering into various agreements on behalf of whom. This Court has not attempted to prejudge the merits of the motion to dismiss, but it is not convinced, to the extent it must be convinced, that the Plaintiffs have no chance of prevailing over the motion to dismiss.

The Court recognizes that the extent of the discovery demanded of Defendant, by Plaintiffs, may provide grounds for a motion for protection. However, Defendant has not chosen to ask for relief from the discovery on the basis of irrelevancy or privilege. Rather, it seeks a total stay of discovery until the motion to dismiss is finally resolved.

Under Fed.R.Civ.P. 26(c), this Court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense...." Fed. R.Civ.P. also requires that the moving party must show good cause in order for a court to justify staying discovery.

To show good cause in the Ninth Circuit, the moving party must show more than an apparently meritorious 12(b)(6) claim: "A district court may ... stay discovery when it is *convinced* that the plaintiff will be unable to state a claim for relief." *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir.1981), *cert denied*, 455 U.S. 942, 102 S.Ct. 1437, 71 L.Ed.2d 654 (1982); *B.R.S. Land Inves-*

---

Plaintiffs' objections to the motion being brought "ex parte" (i.e., without notice) to be without merit and will not address them in this Order.

tors v. United States, 596 F.2d 353 (9th Cir.1979). (Emphasis added).

\* \* \* Finally, while Fed.R.Civ.P. 26(c) protects against oppression or undue burden and expense, a showing that discovery may involve some inconvenience and expense does not suffice to establish good cause for issuance of a protective order. Lehnert v. Ferris Faculty Association— MEA–NEA, 556 F.Supp. 316 (W.D.Mich. 1983).

\* \* \*

Finally, a pending Motion to Dismiss is not ordinarily a situation that in and of itself would warrant a stay of discovery. Common examples of such situations, however, occur when **jurisdiction, venue, or immunity** are preliminary issues.

Twin City Fire Ins. Co. v. Employers Ins. of Wausau, 124 F.R.D. 652, 653 (D.Nev.1989) (emphasis in bold added).

▇ "A party seeking a stay of discovery carries the heavy burden of making a 'strong showing' why discovery should be denied. Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir.1975)." Gray v. First Winthrop Corp., 133 F.R.D. 39, 40 (N.D.Cal.1990).

▇ "The intention of a party to move for judgment on the pleadings is not ordinarily sufficient to justify a stay of discovery. 4 J. Moore, Federal Practice § 26.70[2], at 461." Id. Where a party claims that dismissal is likely, it requires the Court to make a preliminary finding of the likelihood of success on the motion. This would circumvent the procedures for the resolution of such a motion. Id. Such a stay might be appropriate where the complaint was utterly frivolous, or filed merely for settlement value. Id. Such does not appear to be the case here.

Defendant cites some Ninth Circuit cases decided prior to Gray, above. This Court finds them distinguishable. In Little v. City of Seattle, 863 F.2d 681 (9th Cir.1988), the issue presented by the motion to dismiss was "immunity," one of the exceptions noted by Judge Reed in Twin City Fire Ins. Rutman Wine Co. v. E. & J Gallo Winery, 829 F.2d 729 (9th Cir.1987) was a direct attack on the sufficiency of the complaint, unlike the motion to dismiss here which seeks an interpretation of an agreement. In White v. American Tobacco Company, 125 F.R.D. 508 (D.Nev.1989), Magistrate Judge Johnston denied the stay because the party moving for the stay had not joined a codefendant's motion, notwithstanding the fact that the motion was based on jurisdictional grounds (another possible exception to the general rule). In Jarvis v. Regan, 833 F.2d 149 (9th Cir.1987), the Circuit Court upheld the stay of discovery, but did so because even the complaint, in that case, did not raise factual issues that required discovery for their resolution.

▇ Whether to grant a stay is within the discretion of the Court and its decision to allow or deny discovery is reviewable only for abuse of discretion. Munoz–Santana v. U.S. I.N.S, 742 F.2d 561, 562 (9th Cir.1984). The Court is interested in moving this case forward and recognizes that it will require much discovery. The parties themselves have requested a discovery period longer than suggested by the Local Rules.

Defendant has not met the burden required to stay discovery.

Accordingly, it is hereby **ORDERED** that Defendant's Ex Parte Motion for Stay of Discovery Pending Resolution of Motion to Dismiss (# 22) is **denied.**