145 F.3d 1339
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
LITLE & COMPANY, Plaintiff-ppellant,
v.
Robert MANN, Defendant-Appellee.
 No. 96-56857.
D.C. No. CV 95-5027 KMW.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 3, 1998.
Decided April 28, 1998.
 
 Appeal from the United States District Court for the Central District of California, Kim McLane Wardlaw, District Judge, Presiding.
 Before WIGGINS and KLEINFELD, Circuit Judges, and SMITH, District Judge.**
 MEMORANDUM*
 Appellant Litle & Company ("Litle") appeals the district court's decision to strike appellant's damage estimate as a discovery sanction, and its subsequent dismissal of the case. We have jurisdiction pursuant to 28 U.S.C. § 1291. Because the sanction constituted an abuse of discretion, we reverse and remand.
 I. The district court lacked the power under Federal Rule of Civil Procedure 37(c) to strike appellant's damage figure.
 In her oral ruling, the trial judge stated that the damage figure should be excluded under Federal Rule of Civil Procedure 37(c) as a discovery sanction for failure to disclose information required by Rule 26. Rule 37(c)(1) allows for exclusion of evidence or "other appropriate sanctions" for failure "to disclose information required by Rule 26(a) or 26(e)(1)."[1]
 The district court was incorrect, however, in stating that there had been a violation of Rule 26. Litle did not fail to disclose information required by 26(a). That rule, which governs required disclosures, provides that it applies "[e]xcept to the extent otherwise stipulated or directed by order or local rule." Fed.R.Civ .P. 26(a)(1). By general order, the Central District chose not to implement Rules 26(a)(1), 26(a)(3), 26(a)(4), 26(d), and 26(f). C.D.Cal. General Order 339-C. This meant that Litle had no automatic duty under the federal rules to disclose the documents upon which its computation was based, as would otherwise have been required by Rule 26(a)(1)(C). Instead, Litle only had an automatic duty to disclose the identities of its experts under 26(a)(2); there is no claim that it violated that duty.
 Nor was there a failure to comply with Rule 26(e)(1). That rule establishes a duty to supplement its 26(a) disclosures if the party learns that the information is "incomplete or incorrect." In this case, however, Litle complied with that rule, informing Mann of the new documents as soon as it became aware of them.[2]
 It is true that the Central District's Civil Local Rule 6.1.1 required the disclosure of "all documents then reasonably available to a party which are then contemplated to be used in support of the allegations" at the beginning of a case. This rule is narrower than Rule 26(a)(1), which requires disclosure of information "relevant to disputed facts." It is undisputed that Litle did not intend to use the documents at issue in support of its allegations. The district court, moreover, made no reference to Local Rule 6.1.1. Additionally, Federal Rule of Civil Procedure 37(c) does not explicitly provide for sanctions for the violation of local rules. Mann argues that it makes sense for the enforcement mechanism of Rule 37 to apply to local rules, such as the Central District's, that contain initial disclosure requirements similar to those of Rule 26. The Central District, however, could have chosen to implement the provisions of Rule 26 as enforced by Rule 37(c); its decision instead to draft its own similar rules suggests that it did not want Rule 37(c) to apply. For these reasons, the district court lacked the power to strike the damage figure under Rule 37(c).
 Litle argues that because the exclusion sanction was improper under the authority relied upon by the district court, it must be reversed. A recent case held that for a discovery sanction to be upheld, the conduct in question must be sanctionable under the particular authority relied upon by the district court. See GRiD Systems Corp. v. John Fluke Mfg. Co., 41 F.3d 1318, 1320 (9th Cir.1994) (per curiam) (citing Matter of Yagman, 796 F.2d 1165, 1183 (9th Cir.1986)). In GRiD Systems, the district court relied solely upon 28 U.S.C. § 1927 in imposing an sanction of attorney's fees. In reversing the sanction, this Court first held that the sanction was improper under section 1927, and then refused to consider whether the sanction was proper under the district court's inherent authority. Id.
 GRiD Systems, however, did not address another case from this circuit that reached the opposite result. See Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp., 982 F.2d 363, 367 (9th Cir.1992). In Unigard, the defendant requested that the district court exclude evidence as a sanction under either Rule 37(b) or the court's inherent powers. The district court granted the motion without specifying what power it was relying upon. This Court affirmed, holding that even though the district court lacked the power to impose the sanction under Rule 37(b), the sanction was proper under its inherent power. "In reviewing decisions of the district court, we may affirm on any ground finding support in the record ... even if the district court relied on the wrong grounds or wrong reasoning." Id. at 367 (citing Jackson v. Southern Cal. Gas Co., 881 F.2d 638, 643 (9th Cir.1989)). This Court applied similar reasoning in Halaco Eng'g Co. v. Costle, 843 F.2d 376, 379-80 & n. 1 (9th Cir.1988), in which it considered whether the district court could have based its dismissal sanction on Rules 37 or 41 even though the dismissal order explicitly relied only upon the district court's inherent powers.
 We need not concern ourselves with reconciling the possible intra-circuit conflict between Grid Systems and Unigard. We reach the same result whether we stop our analysis with the impropriety of the sanction under Rule 37 or go on to consider the propriety of the sanction under the district court's inherent powers.
 II. The district court abused its discretion by striking appellant's damage figure under its inherent powers.
 District courts have the inherent power to impose discovery sanctions. See Unigard, 982 F.2d at 368. To dismiss a case under its inherent powers, a district court must determine the presence of willfulness, bad faith, or fault by the offending party; the efficacy of lesser sanctions; and the "nexus between the misconduct drawing the dismissal sanction and the matters in controversy in the case." Halaco Eng'g Co. v. Costle, 843 F.2d 376, 380 (9th Cir.1988). A district court may also consider "the prejudice to the party victim of the misconduct" and the government's interest at stake. Id. Dismissal sanctions are appropriate only in "extreme circumstances." Fjelstad v. American Honda Motor Co., 762 F.2d 1334, 1338 (9th Cir.1985). If the district court fails to make findings on these factors, this Court must review the record independently to determine whether the dismissal was an abuse of discretion. See Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1412 (9th Cir.1990).
 Mann argues that a showing of willfulness, fault, or bad faith should not be required because the sanction in this case was merely the exclusion of evidence, not actual dismissal.[3] A discovery sanction that has the effect of ending a case, however, also requires the heightened showing of fault. See United States ex rel. Wiltec Guam, Inc. v. Kahaluu Constr. Co., 857 F.2d 600, 602-03 & n. 5 (9th Cir.1988) (order that plaintiff's allegations should be taken as established reviewed as a dismissal); United States v. Sumitomo Marine & Fire Ins. Co., 617 F.2d 1365, 1369 (9th Cir.1980) ("preclusion of evidence that is tantamount to dismissal" requires showing of bad faith, willfulness, or fault). The sanction in this case was tantamount to dismissal. The district court explicitly recognized that striking the damages "may have the effect of effectively eliminating plaintiff's case. Which means that in a way it has the effect of ultimately being a dismissal, even though that's not the sanction." Once the sanction was imposed, judgment as a matter of law was granted as a matter of course, without further argument or discussion. We therefore analyze the sanction in this case as a dismissal sanction under the standard described above.
 Several of the factors merit little discussion. Although the parties do not discuss the question of whether there was a nexus between Litle's discovery failures and the substantive issues in the case, it appears arguable that there was such a connection. It is also true that the district court had an interest in resolving the litigation quickly and efficiently. There are no findings, however, for how much delay or burden, if any, was created by the discovery problem. These two considerations tip somewhat in favor of sanctions. Nevertheless, because there was only mild prejudice to Mann, no consideration of lesser sanctions, and no willfulness, bad faith, or fault, the sanction imposed constituted an abuse of the district court's discretion.
 A. Prejudice to Mann
 The district court mentioned three ways it believed Mann had been prejudiced. First, the district court stated that Mann was prejudiced by having to conduct the depositions of Genest and Bouchard while conducting the defense of the case. Second, the court noted that Ms. Genest had returned to Boston by that point in the trial. Finally, the court found that Litle's delay in producing the underlying documentation for its damage claim had impaired Mann's ability to cross-examine Litle's witnesses.
 The first two reasons cited by the district court do not support a finding of prejudice. The burden of conducting depositions during trial was largely Mann's fault; Litle had offered to allow Mann to redepose the witnesses several weeks before trial and Mann had chosen not to do so. The district court then ordered sua sponte that the depositions take place during trial without exploring whether there was a more effective cure for the alleged problem. Nor was Ms. Genest's return to Boston significantly prejudicial; Litle offered to fly her to Los Angeles immediately if necessary. Her return would likely have delayed the trial by no more than a day, although the district court made no findings on this question.
 The district court was likely within its discretion in finding that Litle's discovery failures had impaired Mann's ability to cross-examine the witnesses; however, the district court's conclusion would have been sounder had it inquired into this matter and had it considered Mann's own complicity in the problem by failing to depose the witnesses prior to trial. Litle challenges the district court's conclusion in two respects. First, Litle points out that Mann had subpoenaed these very same documents from Mardec during the discovery period. Mann's brief does not address whether or not he ever received them. Litle also argues that in his trial depositions of Genest and Bouchard, Mann asked few questions relating to the 11,025 pages of chargeback requests, but rather focused on how Litle calculated its damages. Litle's argument on this point is unconvincing. Mann argues that the 11,025 pages of chargeback reports were relevant to the question of whether Litle had improperly tallied chargebacks that occurred after Mardec's bankruptcy, and that the withheld service summaries were necessary to confirm that the damages were properly calculated. Mann's questions about how damages were calculated appear related to these issues. It was thus possible that Mann's cross-examination was prejudiced by his delayed access to these documents. As discussed below, however, the prejudice was not irremediable, and should not have resulted in the striking of Litle's damage estimate.
 B. Consideration of less drastic sanctions
 "The district court must, before dismissing an action under its inherent powers, consider less drastic sanctions," including "a reasonable explanation of possible and meaningful alternatives." Halco Eng'g, 843 F.2d at 381. "This court conducts a three-part analysis when determining whether a district court has properly considered the adequacy of less drastic sanctions: (1) did the court explicitly discuss the feasibility of less drastic sanctions and explain why alternative sanctions would be inappropriate, (2) did the court implement alternative sanctions before ordering dismissal, and (3) did the court warn the party of the possibility of dismissal before actually ordering dismissal?" Adriana, 913 F.2d at 1412-13; see also United States ex rel. Lujan v. Hughes Aircraft Co., 67 F.3d 242, 247 (9th Cir.1995) (less drastic sanctions must be explicitly considered).
 The district court in this case did not meet any part of that test. First, the district court did not discuss why less drastic sanctions were impossible, saying only "The fact is here what is the other appropriate sanction? ... I feel as though I almost have no choice because the failure to produce documents had to do with the damage claim." In fact, several less drastic sanctions were available. The district court could have briefly continued the trial to give Mann more time to consider the new documents and the depositions of Genest and Bouchard, or ordered that Litle's witnesses retake the stand so that Mann could conduct further cross-examination. Second, the district court imposed no lesser sanctions before the case-ending sanction of excluding Litle's damage figure, even though the same issues had been raised and summarily denied in Mann's motion to continue before the trial even began. It is true, as Mann points out, that the district court ordered the trial depositions of Genest and Bouchard. The trial judge did not indicate, however, that she was entering this order as a sanction against Litle, but rather that she was doing so to prevent any possible prejudice to Mann. The district court had also acknowledged that the documents were relevant to Mann's defense rather than to Litle's case-in-chief. At a minimum, the court could have waited for Mann to present his defense in order to assess how significant the prejudice was. Finally, the district court did not warn Litle of the possibility of termination before actually dismissing the case. Because the district court failed adequately to consider less drastic sanctions, the striking of the damage figure constituted an abuse of discretion. This failure alone requires reversal. See Hughes Aircraft, 67 F.3d at 247 (reversing dismissal solely for district court's failure to explicitly consider less drastic sanctions).
 C. Bad faith, willfulness, or fault
 The record does not support a finding that Litle acted willfully, wrongfully, or in bad faith. Nor did the district court make such a ruling. In its ruling, the district court referred to two discovery lapses: first, Litle's refusal to provide computer printouts of its service summaries; and second, Litle's failure to learn of and disclose the 11,025 pages of chargeback request documents. Even viewed together, these failures do not suggest bad faith, wilfulness, or fault. There is no evidence that Litle's refusal to produce the service summaries was done in bad faith. Litle argued that it would be unduly burdensome to generate those documents, and that they would not provide any new information. Mann never filed a motion to compel, and the district court never found that Litle's objections were meritless or made in bad faith. Moreover, when the documents were first discovered, Mann initially declined production. Ironically, had Litle taken him at his word, this issue would not have arisen. Under these circumstances, Litle's failure to produce these documents cannot properly be the basis of a dismissal sanction. See Fjelstad v. American Honda Motor Co., 762 F.2d 1334, 1339 (9th Cir.1985) (reversing partial default judgment against defendant where district court did not find that defendant's objections to discovery requests were meritless or made in bad faith).
 Nor can Litle's failure to timely produce the chargeback requests support the dismissal. Mann argues that Litle's failure to learn of the documents was so lax as to be considered blameworthy. Although it is true that fault alone can justify dismissal, see United Artists Corp. v. La Cage Aux Folles, Inc., 771 F.2d 1265, 1270 (9th Cir.1985), Litle's conduct does not rise to the level of fault that has supported dismissal sanctions in prior cases from this circuit. This Court has reversed dismissal sanctions where a discovery failure was an isolated instance amid general compliance. See, Fjelstad, 762 F.2d 1334, 1339-42 (9th Cir.1985) (reversing dismissal sanction where defendant willfully refused to respond to only one of many interrogatories, and had provided voluminous other discovery). This Court has upheld dismissal sanctions in cases in which the party repeatedly and egregiously failed to comply with discovery requests and orders. See, e.g., In re Exxon Valdez, 102 F.3d 429, 433 (9th Cir.1996) (affirming dismissal sanction on basis of "virtually total refusal by appellants over a period of more than two years to comply with discovery obligations and orders"); Hyde & Drath v. Baker, 24 F.3d 1162 (9th Cir.1994) (affirming dismissal sanction because over course of two years defendants repeatedly refused to attend court-ordered depositions).
 The only case in which an arguably comparable level of fault supported a dismissal sanction is La Cage Aux Folles. In that case, the plaintiff, due to his travel schedule, twice missed deadlines for answering the defendant's interrogatories. The district court imposed a $2,000 fine and ordered the plaintiff to respond in full. When the plaintiff then submitted incomplete responses, the district court dismissed the case as a sanction. This Court affirmed, emphasizing that the plaintiff had violated the district court's order and had failed to produce any documents on time. La Cage Aux Folles, 771 F.2d at 1271. Here, by contrast, there was no history of non-compliance and no violation of a court order by Litle. Moreover, Litle produced the chargeback request documents as soon as it learned of their existence and offered to allow Mann further depositions to alleviate any prejudice. Litle is thus much less at fault than was the plaintiff in La Cage Aux Folles. Because there was no willfulness, bad faith, or fault, the district court's striking of the damage number was an abuse of discretion.
 Because the discovery sanction imposed by the district court was not legally justified under the authority relied upon and was an abuse of discretion under the court's inherent powers, we reverse the sanction and the concomitant dismissal and remand the case for further proceedings.
 REVERSED AND REMANDED.
 
 
 
 **
 The Honorable Fern M. Smith, District Judge for the Northern District of California, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Rule 37(c)(2), not relevant here, provides for attorney's fees for an unreasonable failure to admit under Rule 36
 
 
 [2]
 The Central District also did not opt out of Federal Rule of Civil Procedure 26(a)(5), but that rule only applies to permissible methods of discovery and does not impose any actual discovery obligations
 
 
 [3]
 Mann also argues that Little's appeal solely raises the question of whether the district court imposed an improper dismissal sanction, and that the appeal should be denied because the sanction was not dismissal but the striking of the damage figure. This argument is frivolous. Litle's brief makes plain that Litle is appealing the striking of the damage figure, a sanction it correctly argues had the practical effect of dismissing the case