Anthony **WOOLDRIDGE**,
Plaintiff—Appellant,

v.

State of **CALIFORNIA; et al.**,
Defendants—Appellees.

No. 04–55865.

United States Court of Appeals,
Ninth Circuit.

Submitted May 4, 2006.*

Decided May 8, 2006.

---

** The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Frank Perez, Esq., Moreno & Perez, Los Angeles, CA, for Plaintiff—Appellant.

Richard F. Wolfe, Esq., Office of the California Attorney General, San Diego, CA, Jeffrey W. Korn, Esq., City Attorney's Office, Los Angeles, CA, Blithe S. Bock, Esq., Theodore J. Smith, III, Esq., Alvarez–Glasman & Colvin, West Covina, CA, for Defendants—Appellees.

Before: LAY,** KLEINFELD and SILVERMAN, Circuit Judges.

## MEMORANDUM ***

Anthony Woolridge appeals from an order denying his motion to vacate the judgment that was entered after he failed to attend the pretrial conference in his § 1983 action. We affirm.

We review the denial of a motion under Fed.R.Civ.P. 60(b) for abuse of discretion. *See United States v. Asarco, Inc.*, 430 F.3d 972, 978 (9th Cir.2005). Contrary to Woolridge's argument, de novo review is not warranted simply because the district court summarily denied his motion. *See TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 695 (9th Cir.2001) (review for abuse of discretion where Rule 60(b) motion was denied "without explanation"). Nor did the district court have to make findings of fact before denying the motion. *See In re Virtual Vision, Inc.*, 124 F.3d 1140, 1143 (9th Cir.1997) (issue is whether the record shows that defendant was to blame for not complying with discovery order, not whether trial court made a finding of fact to that effect).

The record shows that Woolridge has no excuse for failing to communicate with his attorney or keep track of his case. *In re Virtual Vision*, 124 F.3d 1140, 1145 (9th Cir.1997) (no Rule 60(b) relief where party "utterly failed to keep abreast of the status of its case when it was able to do so" (internal quotations omitted)); *see also United Artists Corp. v. La Cage Aux Folles, Inc.*, 771 F.2d 1265, 1270 (9th Cir.

---

** The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

1985) (dismissal for noncompliance with discovery request was warranted where litigant did not show that he had advised counsel of his whereabouts so that "he could be reached on reasonable notice"). Despite his attorney's instructions, Woolridge did not show for his deposition or make any effort thereafter to contact his attorney or provide him with a reliable address. Indeed, the district court granted the attorney's motion to withdraw, concluding that Woolridge had "rendered it impossible for his counsel to represent [him] within the interests of justice." Woolridge's incarceration is no excuse. Even while incarcerated, he could have communicated with his attorney. But in any case, he was not detained until more than three months *after* the date of his scheduled deposition.

Because Woolridge has not shown that the dismissal resulted from "excusable neglect," [1] we do not consider the merits of his case or the potential prejudice to the defendants. *See Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 815 (9th Cir. 1985) (because defendant's culpable conduct led to the default judgment, denial of Rule 60(b) motion can be upheld without addressing the merits of the defense or potential prejudice to plaintiff if case were reopened).

**AFFIRMED.**

---

1. FED. R. CIV. P. 60(b)(1).